##### FOR THE

## COUNTY OF WASHINGTON,

### March Term, 1844.

PRESENT,

Hon. CHARLES K. WILLIAMS, Chief Judge.
Hon. STEPHEN ROYCE, ⎱
Hon. ISAAC F. REDFIELD, ⎰ Assistant Judges.
Hon. MILO L. BENNETT, ⎰

---

## State v. George Cooper.

Adultery is not, at common law, a felony, nor a crime to be punished in the
common law courts.

After verdict of guilty upon an information for burglariously entering a dwel-
ling house, in the night time, with intent to commit adultery, judgment was
arrested,—the court holding that that did not constitute an offence within
the fourth section of the ninety fifth chapter of the Revised Statutes.

Information in two counts,—alledging in the first count that the
respondent burglariously and feloniously entered the dwelling house
of one Cyrus Marston, of Berlin, in the night time, with intent to
commit a rape, &c., — and, in the second count, that he entered
burglariously, &c., the same dwelling house, in the night time,
with intent to commit adultery, &c.

The jury returned a verdict of guilty on the second count. The respondent then filed a motion in arrest of judgment, assigning, as cause, the insufficiency of the second count; which motion the county court overruled, and rendered judgment on the verdict; to which the respondent excepted.

*A. Spaulding* for respondent.

Chap. 95, section 4, of the Revised Statutes, declares that "every person who shall, in the night time, break and enter any dwelling house, &c., with the intent to commit the crime of murder, rape, robbery, larceny, *or any other felony*, shall be punished," &c. The only question in this case is, whether adultery is a felony, within the meaning of this statute. It will be observed that the statute itself does not declare *adultery* to be a felony.

Felony,—"a term of law, including generally all offences below treason." 4 Bl. Com. 98. "Felony, in the general acceptance of law, comprises every species of crime, which occasioned at common law, the forfeiture of lands, or goods." 3 Jac. Law Dict. 26. A forfeiture of lands, or goods, is an inseparable incident of felony.

Adultery is not a felony, or even a *crime*, at common law. It is merely a civil injury, for which the law gives satisfaction to the husband by an action of trespass. 3 Bl. Com. 139. 1 Selw. N. P. 10.

*O. H. Smith*, state's attorney.

It is provided in section 14, chapter 31, of the Revision of Statutes of 1824, p. 255, that "if any person shall, in the night time, break and enter any dwelling house, &c., with intent to kill, rob, steal, commit rape, or to do, or to perpetrate any other *high crime or misdemeanor*," &c. From a comparison of that section with sect. 4 of ch. 95 of the Revised statutes, it is manifest that no alteration, other than in phraseology, was intended, in relation to the crime of burglary.

The word *felony* is a general term, and is defined to be "an offence which occasions a total forfeiture of either lands, or goods, or both, at the common law," and is connected with the idea of capital punishment. 1 Russell on Crimes 42. There are no crimes, that, by our law, work the forfeiture of the estate of the offender;

and therefore the term must be considered as having become obsolete, or the meaning of the term changed, so that it shall embrace all those crimes, which, by our law, are punishable with death, or by imprisonment in the state prison, and as synonymous with the words, "high crimes and misdemeanors," used in the former revision. The term seems to be interwoven with our criminal law, and should have a definition that is applicable to its present use.

The doing of an act may be made a felony, by statute, without using the word. 1 Russell on Crimes 42. It is well settled, that there cannot be accessories after the fact, except in felonies. 1 Russell 34. Therefore, when a state provides for the punishment of the accessories after the fact, as distinct offenders, the perpetrators of the fact must be considered as committing a felony. See *Commonwealth* v. *Barlow*, 4 Mass. 439. *Commonwealth* v. *Macomber*, 3 Mass 254. It is provided by sect. 1, ch. 99, of the Revised Statutes, p. 443, that "every person, who shall commit the crime of adultery, shall be punished by imprisonment in the state prison not exceeding five years." The 8th and 11th sections of ch. 102 of the Revised laws, p. 451, provided for the punishment of the accessories after the fact, as distinct offenders, where the perpetrators of the fact are punishable with death, or by imprisonment in the state prison. It is therefore most manifest, that the offence charged in the information is a felony.

If the foregoing view be correct, then it follows, as a necessary consequence, that the words, "or any other felony," used in the statute, are to be regarded as having a definite meaning, and as tantamount to the words "or any other crime, punishable with death, or by imprisonment in the state prison." It would be absurd to suppose that the Legislature, after enumerating most, if not all, the crimes which, in England, worked a forfeiture of lands and goods, used the term "felony" merely as embracing those crimes which work a forfeiture of goods and lands *at common law*, since felonies may be created by statute.

The opinion of the court was delivered by

WILLIAMS, Ch. J. The respondent was indicted for burglary, and was convicted on the second count,—which charges him, in

substance, with breaking and entering a dwelling house in the night time, with intent to commit adultery.

Our statute makes it burglary for any one, in the night time, to break and enter any dwelling house, &c., with intent to commit the crime of "murder, rape, robbery, larceny, *or any other felony.*" Adultery was not a felony at common law, nor a crime to be punished in the common law courts. Neither does our statute make it felony. Nor does it come within any definition of felony, which can be found. Until the legislature think proper to declare the transaction, of which the respondent was found guilty, an offence, we cannot determine it so to be.

The judgment of the county court is reversed, and judgment arrested.