## COMMONWEALTH *vs.* BARBARA E. FREELOVE.

Bristol.    October 22, 1889. — November 11, 1889.

Present : DEVENS, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Indictment — Conclusion — Constitutional Law.*

Section 16 of chapter 213 of the Public Statutes, providing that no indictment shall
be quashed because it does not conclude against the peace of the Commonwealth
nor against the statute in such cases made and provided, if the omission does
not tend to prejudice the defendant, is not unconstitutional as in conflict with
Article XII. of the Declaration of Rights.

HOLMES, J.    This is an indictment for adultery, to which a
motion to quash was filed, on the ground that it does not con-
clude against the peace of the Commonwealth nor against the
statute in such cases made and provided.    This motion was
overruled, and the defendant alleged exceptions.    The Pub. Sts.
c. 213, § 16, expressly enact that no indictment shall be quashed
on this ground, if the omission does not tend to prejudice the
defendant.    But it was argued that the statute is unconstitu-
tional.    We shall not consider how far the Legislature might go
in simplifying indictments before encountering Article XII. of
the Massachusetts Bill of Rights.    We admit that there are
limits to its power in this direction ; that, for instance, it could
not authorize the omission of allegations necessary to describe a
specific crime.    *Commonwealth* v. *Harrington*, 130 Mass. 35.
*State* v. *Learned*, 47 Maine, 426, 433.    *McLaughlin* v. *State*, 45
Ind. 338.    *Hewitt* v. *State*, 25 Texas, 722.    But there is no
doubt that it can do a good deal in the way of simplification.
*Commonwealth* v. *Bennett*, 118 Mass. 443.    *State* v. *Corson*, 59
Maine, 137.    *State* v. *Comstock*, 27 Vt. 553.    *Brown* v. *People*,
29 Mich. 232, 237.    We do not think that it needs argument
to show that the Legislature may dispense with a purely formal
averment which would give the defendant no additional infor-
mation, and the omission of which would not prejudice him.
*Commonwealth* v. *Holley,* 3 Gray, 458.    " Technical and formal
objections of this nature are not constitutional rights."    *Com-
monwealth* v. *Hall,.* 97 Mass. 570, 574.    See *Commonwealth* v.

*Davis*, 11 Pick. 432, 438; *Stockwell* v. *Silloway*, 100 Mass. 287, 295. The defendant was safe in assuming that the proceeding was under the statute, although he was not informed so in terms. *Galizard* v. *Rigault*, 2 Salk. 552; *S. C.* 2 Ld. Raym. 809. 6 Dane Abr. 676. *Commonwealth* v. *Call*, 21 Pick. 509, 511. *Commonwealth* v. *Elwell*, 2 Met. 190, 191. *Anderson* v. *Commonwealth*, 5 Rand. 627, 632. *State* v. *Cooper*, 16 Vt. 551. *State* v. *Brunson*, 2 Bailey, 149.

*Exceptions overruled.*

*E. L. Barney*, for the defendant.

*H. C. Bliss*, First Assistant Attorney General, for the Commonwealth.