COMMONWEALTH vs. THOMAS PARKS & another.

Middlesex.   February, 1, 1892. — February 24, 1892.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*City Ordinance — Blasting Rock with Gunpowder.*

An ordinance of the city of Somerville, prohibiting under a penalty the blasting of rock with gunpowder within the city limits, "without written consent from the board of aldermen," is valid, as within that provision of the Pub. Sts. c. 27, § 15, authorizing towns and cities to make by-laws and ordinances for "maintaining the internal police thereof," and that section of its charter (St. 1871, c. 182, § 23) authorizing the city council to "make all such salutary and needful by-laws as towns by the laws of this Commonwealth have power to make."

COMPLAINT to the Police Court of Somerville, against Thomas Parks and William H. Riley, alleging that the defendants, on July 25, 1891, at Somerville, "did blast rock with gunpowder without written consent from the board of aldermen of said Somerville," in violation of an ordinance of that city. Trial in the Superior Court, on appeal, before *Braley,* J., who allowed a bill of exceptions, in substance as follows.

The ordinance in question, which was passed on October 20, 1886, provided, under a penalty of "not less than five nor more than twenty dollars," that "no person shall blast rock or stone with gunpowder, giant powder, dynamite, gun-cotton, nitro-glycerine, or any other explosive compound, without written consent from the board of aldermen."

The defendants admitted the allegations of the complaint. It was proved or admitted that the blasting was done by the defendants while employed by one Moore, in his quarry, to clear the rock from his land, for the purpose of selling the stone and fitting the land for building purposes, both the stone and the land being of considerable value; that the city of Somerville had about forty thousand inhabitants, and a territory about three miles long by two miles wide, nearly all laid out into building lots and thickly settled; that several houses had been built near Moore's quarry, and a public street ran by it; and that the ordinance was passed because of complaints from people residing in the neighborhood, who apprehended injury from the blasting done by the defendants.

The defendants requested the judge to rule as follows: "1. The ordinance is unreasonable and void. 2. The ordinance is unconstitutional, in that it destroys private property without any provision for compensation. 3. The ordinance is not authorized by the common law or by the statutes. 4. If the ordinance is valid, it does not apply to the working of a quarry which has been worked by blasting prior to the passage of the ordinance for the length of time that the quarry upon which the defendants were employed had been so worked. 5. The jury on the foregoing facts should return a verdict of not guilty as to both defendants."

The judge refused so to rule; and ruled that the ordinance was reasonable, constitutional, and valid.

The jury returned a verdict of guilty; and the defendants alleged exceptions.

*W. B. Durant*, for the defendants.

*G. C. Travis*, First Assistant Attorney General, for the Commonwealth.

HOLMES, J. It is settled that, within constitutional limits not exactly determined, the Legislature may change the common law as to nuisances, and may move the line either way, so as to make things nuisances which were not so, or to make things lawful which were nuisances, although by so doing it affects the use or value of property. *Sawyer* v. *Davis*, 136 Mass. 239. *Rideout* v. *Knox*, 148 Mass. 368. It is still plainer that it may prohibit a use of land which the common law would regard as a nuisance if it endangered adjoining houses or the highway, and the Legislature may authorize cities and towns by ordinances and by-laws to make similar prohibitions. *Salem* v. *Maynes*, 123 Mass. 372, 374. *Barbier* v. *Connolly*, 113 U. S. 27. Furthermore, what the municipal body may forbid altogether, it may forbid conditionally, unless its written permission is obtained beforehand. We see nothing in *Newton* v. *Belger*, 143 Mass. 598, or in *Yick Wo* v. *Hopkins*, 118 U. S. 356, and *Baltimore* v. *Radecke*, 49 Md. 217, to make us doubt the correctness of the decision in *Quincy* v. *Kennard*, 151 Mass. 563. Nor do we think it matters that the permission required is that of the aldermen, and not that of the whole city council.

In view of the foregoing principles and decisions, we are of

opinion that the power, when deemed necessary for public safety, to prohibit blasting rocks with gunpowder without written consent, is among the powers given by the Pub. Sts. c. 27, § 15.* Equal powers are conferred upon the city council of Somerville by its charter. St. 1871, c. 182, § 23. It would be a mere perversion to construe the Pub. Sts. c. 102, §§ 60, 61, authorizing cities and towns to make ordinances and by-laws in regard to the use of explosive compounds, defined in § 68, so as not to include gunpowder, as cutting down the power which is given in the earlier chapter, and which we have no doubt extended to this case before the passage of the St. of 1877, c. 216, from which the sections first cited are taken. It would be a still greater perversion to construe the sections giving authority over offensive trades to town boards of health as having such an effect. Pub. Sts. c. 80, § 84 *et seq.*

The prohibition which the Pub. Sts. c. 27, § 15, as construed by us, purport to authorize, is not such a taking of property as always to be beyond the police power. Under *Miller* v. *Horton*, 152 Mass. 540, 547, blasting might be a private or a public nuisance. *Hay* v. *Cohoes Co.* 2 Comst. 159. *Tremain* v. *Cohoes Co.* 2 Comst. 163. *Regina* v. *Mutters*, Leigh & Cave, 491. Forbidding it does not trench upon the rights of ownership to such an extent as necessarily to require compensation.

It may be that a by-law absolutely prohibiting blasting would be invalid in some towns in this Commonwealth. It may be that, in order to determine the question, we should have to take into account facts touching the mode in which the particular town was occupied and the nature of its industries, whether we listened to evidence of such facts or noticed them judicially. *Commonwealth* v. *Worcester*, 3 Pick. 462, 474. *Austin* v. *Murray*, 16 Pick. 121, 125. *Johnson* v. *Simonton*, 43 Cal. 242, 249. But however this may be, we find nothing in the facts before us

---

* The part of § 15 of the Pub. Sts. c. 27, referred to in the opinion, is as follows : " Towns may make for the following named purposes, in addition to other purposes authorized by law, such necessary orders and by-laws, not repugnant to law, as they may judge most conducive to their welfare, and may fix penalties, not exceeding twenty dollars for one offence, for breaches thereof : For directing and managing the prudential affairs, preserving the peace and good order, and maintaining the internal police thereof. . . ."

to lead us to doubt the reasonableness of the ordinance of Somerville.

The ordinance being valid, the defendants have had their hearing in this case on the only question upon which they were entitled to one, namely, whether they had done the prohibited act. *Miller* v. *Horton*, 152 Mass. 540, 546.

*Exceptions overruled.*