COMMONWEALTH *vs.* JOHN ODENWELLER.

Suffolk.    March 28, 1892. — May 6, 1892.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*City Ordinance — Allegation in Indictment.*

The allegation, in an indictment for keeping a troublesome dog, that the acts charged are contrary to the form of a city ordinance, allows proof of the ordinance in any competent way, and it is immaterial that the bound volume in which the ordinance appears was not referred to in the indictment.

BARKER, J.   The only question argued upon the defendant's brief is whether the indictment was sufficient in form to allow

proof of the ordinance which the defendant had violated.    The verdict was rendered on the third count, which alleged that the defendant at Boston, on a day named, "unlawfully did keep a certain dog, which, by barking, biting, and howling, did then and there disturb the quiet of a certain person, to wit, one John J. Trainer, against the peace of said Commonwealth, the form of the statute of said Commonwealth and the revised ordinance of said city in such case made and provided."

It appears that the city under authority of the Pub. Sts. c. 102, § 109, had adopted an ordinance providing that "no person shall own or keep in the city any dog which by barking, biting, howling, or in any other manner, disturbs the quiet of any person," and that this ordinance had been printed as section eighty-one of chapter forty-nine in a bound volume known and declared by an ordinance to be known as the "Revised Ordinances of 1890." It also appeared that by section ninety-nine of the same chapter a fine of twenty dollars was provided for a violation of section eighty-one. As the statute, Pub. Sts. c. 102, § 109, authorized penalties not exceeding ten dollars only, section ninety-nine of chapter forty-nine was so amended as to make the penalty for violation of the provisions of section eighty-one conform to the statute, and this amendment was adopted after the publication of the "Revised Ordinances of 1890." The defendant contends that the words "revised ordinance" in the indictment are a proper name, indicating the book before mentioned, and that, as no valid ordinance forbidding the acts charged was contained in that book, none could be proved by the government. The contention rests upon a misconception of the meaning of words in common use, and of plain signification. The allegation is the common one that the acts charged are contrary to the form of the ordinance, or the by-law, in such case made and provided, and allows proof in any competent way of the ordinance or by-law relied upon. The contention that the book should have been referred to in the indictment is untenable. The offence is fully, plainly, substantially, and formally set out, and the indictment is sufficient. St. 1886, c. 53.                                    *Exceptions overruled.*

*H. F. Naphen,* for the defendant.

*G. C. Travis,* First Assistant Attorney General, for the Commonwealth.