COMMONWEALTH *vs.* PATRICK MULHALL.

Suffolk.   November 26, 1894. — January 1, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Municipal Ordinance — Offer of Proof.*

An ordinance of the city of Boston which provides that " no person shall carry or
cause to be carried on any vehicle in any street a load the weight whereof ex-
ceeds three tons, unless such load consists of an article which cannot be
divided," is reasonable, constitutional, and valid, under Pub. Sts. c. 53, § 15 ; and
an offer of proof which does not take the case out of the field of regulation by
the Legislature, or by the mayor and aldermen as a local tribunal acting under
the authority of the Legislature, is rightly refused.

COMPLAINT, for violating § 6 of chapter 6 of the Revised
Regulations of the City of Boston of 1892, which is as follows:
"No person shall carry or cause to be carried on any vehicle in
any street a load the weight whereof exceeds three tons, unless
such load consists of an article which cannot be divided."

At the trial in the Superior Court, before *Richardson, J.*, it
was admitted by the defendant that he was the driver of a team
of four horses and a four-wheeled wagon upon which was a load
of granite stones of six tons' weight, and that the load did not
consist of an article which could not be divided, and that the
team so loaded was driven by him upon, over, and along a cer-
tain public street in Boston called Dorchester Avenue.

The defendant offered to prove, if competent and material,
that at the time he was a resident of Quincy in the county of
Norfolk ; that the load of stones he was thus hauling was taken
from a quarry operated by his employer in Quincy ; that he was
hauling the load from the quarry through Boston to Cambridge,
where the stones had been sold, to deliver the same ; that the
average and fair load of a team of four horses is seven tons, and

the average and fair load of a team of two horses is four tons, both within and without the limits of the city of Boston; that the business of his said employer had been for many years extensively carried on at Quincy, and the average number of teams used in hauling stones from the quarries to and through the city of Boston daily exceeded twenty-five, part of them teams of two horses but most of them teams of four horses, and that the effect of limiting each team to a load of three tons would be to increase the cost of hauling the stones to such an extent as practically to destroy the business of his employer, because of his inability to compete by reason of the increased cost with dealers in similar stone quarried in Nova Scotia and elsewhere, and transported to Boston in vessels; and that the hauling of the average load of stones, as above stated, did not and would not materially injure or affect the streets of Boston, or unreasonably interfere with the use by others of the streets, or endanger public travel thereon.

Upon these admissions and facts the defendant requested the judge to rule as follows: "1. The mayor and aldermen had no authority to make or pass the regulation in question. 2. The regulation is unconstitutional and void. 3. The regulation is unreasonable and unreasonably restrains trade, and is therefore void. 4. The defendant cannot be convicted on the above facts of violating said regulation."

The judge refused to give any of the above rulings, and ruled that, even if the evidence offered, so far as competent, is sufficient to prove all of the facts which it might tend to prove, still they would constitute no defence to the complaint, and also ruled that the regulation was reasonable, constitutional, and valid, and, the facts alleged in the complaint having been admitted to be true, directed the jury to return a verdict of guilty, which was accordingly done; and the defendant alleged exceptions.

*G. W. Wiggin & P. H. Cooney*, for the defendant.

*F. E. Hurd*, First Assistant District Attorney, for the Commonwealth.

KNOWLTON, J.   By Pub. Sts. c. 53, § 15, it is provided that "the mayor and aldermen and selectmen may make such rules and regulations for the passage of carriages, wagons, carts,

·trucks, sleds, sleighs, horse cars, or other vehicles, or for the use of sleds or other vehicles for coasting in and through the streets or public ways of a city or town, as they may deem necessary for the public safety or convenience, with penalties for the violation thereof not exceeding twenty dollars for each offence." This statute was originally enacted in similar language in the St. of 1875, c. 136, § 1. The ordinance which the defendant is alleged to have violated· is as follows: " No person shall carry or cause to be carried on any vehicle in any street a load the weight whereof exceeds three tons, unless such load consists of an article which cannot be divided." The statute above quoted has reference to the safety and convenience of the public in the use of the streets. Many of the streets of Boston are greatly crowded, not only with pedestrians, but with vehicles of almost every kind. It cannot fairly be said that this ordinance has no reference to the convenience or safety of the public who use the streets. We can see that very heavily loaded teams, drawn by four or six horses, in the most crowded parts of the city, might seriously interfere with the convenient use of the streets by others. If the ordinance is within the class of ordinances in regard to which this statute permits the mayor and aldermen to exercise their judgment and discretion, we cannot declare it void on the ground that we might have decided the question in reference to the necessity of the ordinance differently. If they deem such an ordinance necessary for the public safety or convenience, and if it is not a clear invasion of private rights secured by the Constitution, it must stand as a regulation made under legislative authority. We think the facts offered to be proved do not take the case out of the field of regulation by the Legislature, or by the mayor and aldermen as a local tribunal acting under the authority of the Legislature. If it appeared that the ordinance could have no relation to the safety or convenience of the public in the use of the streets, the fact that the mayor .and aldermen declare ·the regulation to be necessary would not give it validity. But we cannot say that they were in error in deciding that the use of heavily loaded vehicles is a matter affecting the public in the use of the streets, which may be regulated under the statute, nor can we say that the ordinance is anything more than a regulation, upon the necessity of

which their decision is final. *Commonwealth* v. *Stodder*, 2 Cush. 562. *Commonwealth* v. *Robertson*, 5 Cush. 438. *Commonwealth* v. *Fenton*, 139 Mass. 195. *Commonwealth* v. *Plaisted*, 148 Mass. 375. *Commonwealth* v. *Ellis*, 158 Mass. 555.

*Exceptions overruled.*