COMMONWEALTH *vs.* ELIJAH L. HUBLEY.

Worcester.    October 5, 1898. — October 19, 1898.

Present: FIELD, C. J., KNOWLTON, MORTON, & BARKER, JJ.

*Valid City Ordinance forbidding the Dealing in Rags and Paper.*

An ordinance of the city of Worcester, which provides that "No person shall carry on the business of collecting, storing, or dealing in old rags, old papers, or other such refuse material, in any building within a circle the radius of which is two miles from the intersection of the south line of Front Street and the east line of Main Street, unless he is duly licensed therefor by the board of aldermen, for which license, if granted, no fee shall be charged," is valid.

COMPLAINT for the violation of an ordinance of the city of Worcester. At the trial in the Superior Court, before *Hopkins*, J., the case was submitted to the jury upon an agreed statement of facts. The defendant contended that the ordinance was void.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*W. J. Taft*, for the defendant.

*H. Parker*, District Attorney, *&* *G. S. Taft*, Assistant District Attorney, for the Commonwealth.

KNOWLTON, J. The defendant was convicted of a violation of an ordinance of the city of Worcester, which is as follows: "An Ordinance to regulate the collecting and storage of old rags, old papers, or other refuse material. Section 1. No person shall carry on the business of collecting, storing, and dealing in old rags, old papers, or other such refuse material, in any build-

ing within a circle the radius of which is two miles from the intersection of the south line of Front Street and the east line of Main Street, unless he is duly licensed therefor by the board of aldermen, for which license, if granted, no fee shall be charged." The only question in the case is whether the ordinance is valid. By its charter the city of Worcester has all the rights to pass ordinances that are given to cities and towns by general laws. St. 1893, c. 444, § 19. Under the Pub. Sts. c. 27, § 15, towns may make "such necessary orders and by-laws, not repugnant to law, as they may judge most conducive to their welfare," for the following purposes among others, namely, "for directing and managing the prudential affairs, preserving the peace and good order, and maintaining the internal police thereof." By-laws and ordinances looking to the preservation of the public health are plainly within the authority conferred by this section. See *Commonwealth* v. *Parks*, 155 Mass. 531. The authority given by the Pub. Sts. c. 80, §§ 18, 84, to boards of health of towns to make regulations and pass orders in reference to certain matters affecting the health of the community, cannot properly be construed to prevent the passage of reasonable by-laws by towns, under the authority of Pub. Sts. c. 27, § 15. *Commonwealth* v. *Parks*, 155 Mass. 531, 533. Special authority is given by the Pub. Sts. c. 80, § 18, to a board of health "respecting articles which are capable of containing or conveying infection or contagion, or of creating sickness brought into or conveyed from its town." It is manifest that old rags may be very dangerous in this respect. The case of *Train* v. *Boston Disinfecting Co.* 144 Mass. 523, fully recognizes the reasonableness of provisions regulating the business of dealing in rags.

Besides the authority found in the statute already quoted, we have in the Pub. Sts. c. 102, § 28, a provision for licensing "dealers in and keepers of shops for the purchase, sale, or barter of junk, old metals, or second hand articles." There is certainly strong ground for the argument of the District Attorney that dealing in rags is within the express language of this statute.

We are of opinion that it was not unreasonable for the city of Worcester to forbid the business of collecting, storing, and dealing in rags within the thickly settled portions of the city except when conducted by licensed persons. The safety of the com-

munity might be found to require that only persons who could be trusted to observe proper precautions should be permitted to carry on this business. When the interests of individuals conflict with the rights of the public, the individual interest must yield to the paramount right. *Watertown* v. *Mayo*, 109 Mass. 315. *Train* v. *Boston Disinfecting Co.* 144 Mass. 523. *Newton* v. *Joyce*, 166 Mass. 83.                          *Exceptions overruled.*