COMMONWEALTH *v.* JACOB FOX.

Suffolk.   June 15, 1914. — September 10, 1914.

Present: RUGG, C. J., BRALEY, SHELDON, DE COURCY, & CROSBY, JJ.

*Hawkers and Pedlers. Constitutional Law. Boston. Police Commissioner of Boston.*

St. 1907, c. 584, § 9, providing that "the police commissioner of the city of Boston may designate from time to time certain streets, or parts of streets, or sections of the city wherein, and not elsewhere in the city, it shall be lawful on the days and within the hours specified by him, and under such general rules as he shall make, for any hawker or pedler, without the license provided for in this act, to stop or stand for the purpose of selling merchandise," is constitutional, and a regulation made by such commissioner in pursuance thereof is valid.

In deciding that St. 1907, c. 584, § 9, authorizing the police commissioner of the city of Boston to designate "certain streets, or parts of streets, or sections of the city wherein, and not elsewhere in the city, it shall be lawful on the days and within the hours specified by him, and under such general rules as he shall make, for any hawker or pedler, without the license provided for in this act, to stop or stand for the purpose of selling merchandise," is constitutional, it was *said,* that the words "and not elsewhere in the city" do not

demand an unqualified utter prohibition of the business of hawking and peddling in some sections, but that the statute merely provides for prohibition in the streets and sections designated during defined hours on certain days and for regulation in all other parts of the city.

RUGG, C. J. This is a complaint for the violation of regulations made by the police commissioner of Boston touching hawking and peddling on public streets in that city. The regulation in question was made under the authority of St. 1907, c. 584, § 9. * The only question raised by the defendant is whether the regulation is valid.

The police commissioner issued rules wherein he divided the city into three parts designated respectively as a "Business Section" and a "Restricted Territory" (each of which was described with definiteness) and "All parts of the City excepting the 'Business Section' and the 'Restricted Territory.'" Hours were prescribed during which the business of hawking and peddling was prohibited in the "Business Section" and allowed in a limited way in the "Restricted Territory," while in the rest of the city it was permitted "at reasonable hours subject to conditions herein prescribed." A subsequent paragraph provided that with certain exceptions not material to this complaint "no hawker or peddler . . . shall in a public street and while offering merchandise for sale remain in one place or within two hundred yards thereof for more than five minutes, unless actually engaged in selling to a purchaser. . . ." The defendant is prosecuted for violation of this regulation.

---

* "Section 9. The police commissioner of the city of Boston may designate from time to time certain streets, or parts of streets, or sections of the city wherein, and not elsewhere in the city, it shall be lawful on the days and within the hours specified by him, and under such general rules as he shall make, for any hawker or pedler, without the license provided for in this act, to stop or stand for the purpose of selling merchandise: provided, that such hawkers or pedlers carry on their business in conformity with the laws of the Commonwealth, the ordinances of the city, and the regulations of the board of aldermen and of the board of health of the city of Boston, now or hereafter enacted and not inconsistent herewith." In the Superior Court *Chase*, J., refused to make two rulings requested by the defendant. It was stated in the defendant's bill of exceptions that the sole purpose of the requests was to raise the single question of the validity of the designation, rules and regulations made by the police commissioner of the city of Boston so far as they applied to this case.

There can be no doubt of the constitutionality of the section of the statute under which the regulations were made. The Legislature may delegate to a local board or officer the power to establish rules of this nature touching the conduct of a business by which the public interests in defined districts may be affected. *Commonwealth* v. *Plaisted*, 148 Mass. 375. *Brodbine* v. *Revere*, 182 Mass. 598. *Commonwealth* v. *Maletsky*, 203 Mass. 241, and cases there collected. Uusually in this Commonwealth a town or a board composed of two or more persons has been the repository of the power to establish local ordinances and by-laws. But there is no reason in principle why a single officer may not be authorized to exercise it. *United States* v. *Grimaud*, 220 U. S. 506.

This is a penal statute and hence is to be construed with strictness. Yet it is to be given a reasonable interpretation so as to carry out, if possible, the purpose of the Legislature in enacting it. The regulation of hawking and peddling has been a subject for legislation for many years. *Commonwealth* v. *Ellis*, 158 Mass. 555. The authority conferred by this statute is to designate parts of the city where hawking and peddling may be carried on and to prescribe general rules for the conduct of the business. It is not conditioned for its exercise upon an absolute and entire prohibition of the business in other parts of the city. The prohibition during the ordinary hours of heavy street traffic in the "Business Section" and the limitations upon its conduct during the same hours in the "Restricted Territory" is within the scope of the statute. The defendant's contention that the words "and not elsewhere in the city" demand an unqualified and utter prohibition of the business in some sections is not tenable. It would narrow unduly the scope of the statute. The prohibition in the streets and places designated during defined hours of certain days and a regulation in all other parts of the city is a sufficient compliance with the statute. The purpose of this section of the statute is the salutary one of promoting the comfort and facility of travel upon highways by empowering the local officer charged with the preservation of public order to promulgate such rules respecting a class of travellers prone from the nature of their business to pause longer in one place than the convenience of their fellow travellers

might permit. Manifestly this is a purpose well within the field appropriate for ordinance or by-law. It has a tendency to prevent congestion of traffic or other disorder in a city of many narrow streets and to preserve for the reasonable use of everybody the easement of general travel. It affords some assurance that public ways may not be appropriated to the uses of private business. *Commonwealth* v. *Ellis*, 158 Mass. 555. *Commonwealth* v. *Morrison*, 197 Mass. 199.

*Exceptions overruled.*

The case was submitted on briefs.

*J. F. Lynch*, for the defendant.

*A. C. Webber*, Assistant District Attorney, for the Commonwealth.