COMMONWEALTH *vs.* HERBERT R. HAFFER.

Suffolk.   March 7, 1932. — April 4, 1932.

Present: RUGG, C.J., CROSBY, WAIT, SANDERSON, & FIELD, JJ.

*Constitutional Law*, Police power.  *Way*, Public.  *Placard.  Labor Union. Strike.  Municipal Corporations*, By-laws and ordinances.  *Boston.*

A cloth about twenty inches in length and six inches in width, bearing upon it in blue printed letters six inches in height and eight inches in width the statement "Elite Neckwear on Strike" and worn, attached to the waistcoat and across the upper part of the chest of a business agent and executive officer of a labor union participating in a picketing patrol on the sidewalk outside a factory conducted by the Elite Neckwear Company, Inc., whose employees were on strike, was a placard and sign within the meaning of c. 39, § 37, of the Revised Ordinances of 1925 of the City of Boston, providing, "No person shall, while on foot in any street, carry and display any showcard, placard, or sign, except in accordance with a permit from the commissioner of public works"; and the wearing of such placard in such circumstances was a violation of the ordinance.

Such ordinance is a lawful exercise of the police power and neither violates nor impairs any right of the public guaranteed by the Federal Constitution or by that of the Commonwealth.

Such ordinance, while it interferes to some extent with the rights protected by G. L. c. 149, § 24, does not restrict such rights to an extent which is unreasonable or discriminating, and is not in conflict with that statute.

COMPLAINT, received and sworn to in the Municipal Court of the City of Boston, on September 22, 1931, and described in the opinion.

On appeal to the Superior Court, the defendant having waived a trial by jury, the complaint was heard by *Williams,* J., upon an agreed statement of facts. Material facts are stated in the opinion. The defendant was found guilty and alleged exceptions.

*H. Wise,* for the defendant.

*D. Lasker,* Assistant District Attorney, for the Commonwealth.

CROSBY, J. The defendant was convicted in the Municipal Court of the City of Boston of a violation of c. 39, § 37, of the Revised Ordinances of 1925 of the City of Boston, which reads in part as follows: "No person shall, while on foot in any street, carry and display any showcard, placard, or sign, except in accordance with a permit from the commissioner of public works." From this conviction the defendant appealed to the Superior Court and the case was heard by a judge of that court without a jury, the defendant having in writing waived and filed such waiver of his constitutional right to a trial by a jury.

The case was submitted to the court upon a statement of agreed facts as follows: "The defendant is the business agent and executive officer of the Boston Neckwear Workers Union, Local No. 15200, a labor union whose membership is composed of persons engaged as workers in the manufacture of men's neckwear and affiliated with the American Federation of Labor. The defendant is not employed by the Elite Neckwear Company. Certain members of the Boston Neckwear Workers Union who were in the employ of the Elite Neckwear Company, a neckwear manufacturing concern with a place of business at 106

Essex Street, Boston, went on strike in order to prevent a threatened reduction in wages. In the conduct of the strike some of the members of the union, among whom were employees of the Elite Neckwear Company, were deputized to patrol in front of the entrance of the building on the fifth floor in which the Elite Neckwear Company had its place of business, for the purpose of ascertaining who were employed by the Elite Neckwear Company. These persons, usually four in number, walked in Indian file along the curbstone, which is about ten feet away from the doorway entrance to the above mentioned building, namely 106 Essex Street. On the twenty-second day of September, 1931, at or about 8:30 A.M., the defendant patrolled on foot in front of the entrance of the building of the Elite Neckwear Company, displaying and carrying a cloth sign attached to his vest, across the upper part of his chest, the dimensions of which were about twenty inches in length and six inches in width, on which cloth in blue print appeared the following printed words, 'Elite Neckwear on Strike.' These printed words in their ensemble measured approximately six inches in height and eight inches in width. A complaint was issued against the defendant for violating c. 39, § 37, of the Revised Ordinances of the City of Boston. The defendant was tried in the Boston Municipal Court on the twenty-third day of September and was found guilty and sentenced to pay a fine of $5, from which the defendant appealed."

The defendant filed a motion requesting the judge to rule as matter of law that the defendant was not guilty upon the statement of agreed facts; this motion was denied subject to the defendant's exception. He also excepted to the refusal of the judge to make certain requested rulings. The judge found the defendant guilty on the complaint, to which finding the defendant excepted.

It cannot be doubted that the cloth with the printing thereon carried and displayed by the defendant was a placard or sign within the meaning of the ordinance.

We are of opinion that the ordinance does not violate or impair any rights of the public guaranteed by either Fed-

eral or State Constitution. It does not interfere unduly with the rights or liberty of the citizens. Its enactment for the maintenance of order or other justifiable purpose is a lawful exercise of the police power. *Commonwealth* v. *Fenton,* 139 Mass. 195. *Commonwealth* v. *Mulhall,* 162 Mass. 496. *Commonwealth* v. *Libbey,* 216 Mass. 356. *Commonwealth* v. *Karvonen,* 219 Mass. 30. *Chicago, Burlington & Quincy Railroad* v. *McGuire,* 219 U. S. 549, 567.

The question of more difficulty is whether the ordinance is in conflict with G. L. c. 149, § 24, which reads: "No person shall be punished criminally, or held liable or answerable in any action at law or suit in equity, for persuading or attempting to persuade, by printing or otherwise, any other person to do anything, or to pursue any line of conduct not unlawful or actionable or in violation of any marital or other legal duty, unless such persuasion or attempt to persuade is accompanied by injury or threat of injury to the person, property, business or occupation of the person persuaded or attempted to be persuaded, or by disorder or other unlawful conduct on the part of the person persuading or attempting to persuade, or is a part of an unlawful or actionable conspiracy."

The manifest purpose of the ordinance as shown by its terms is the prevention of obstruction of traffic, the protection of the community and the common good. It neither in express terms nor by implication impairs unduly the rights of any person under the statute. It interferes to some extent with the rights protected by the statute. But the city in the exercise of its power may enact reasonable ordinances and rules for the welfare and protection of the entire community and thereby restrict to a certain extent the liberty and freedom of the individual. The ordinance cannot be said to be unreasonable or discriminatory, it applies alike to all who have occasion to travel upon the public ways. The protection of the entire community is as necessary and important as the rights of those who are referred to in the statute in question. The safety of the people at large who travel upon the streets and their protection from crowds will not seriously interfere with or re-

strict the rights of persons described in the statute. As was said in *Commonwealth* v. *Karvonen*, 219 Mass. 30, at page 32: "Personal rights may be curbed in a rational way for the common good. Liberty is immunity from arbitrary commands and capricious prohibitions, but not the absence of reasonable rules for the protection of the community." See also *Commonwealth* v. *Riley*, 210 Mass. 387, affirmed in *Riley* v. *Massachusetts*, 232 U. S. 671; *Chicago, Burlington & Quincy Railroad* v. *McGuire*, 219 U. S. 549, 567.

Accordingly, we are of opinion that the ordinance is valid, and that its violation by the defendant justified his conviction of the offence with which he was charged. The requests for rulings properly could not have been given.

*Exceptions overruled.*