COMMONWEALTH *vs.* ANN KIMBALL.

Bristol. October 25, 1937. — February 2, 1938.

Present: FIELD, DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Pleading, Criminal,* Complaint. *Municipal Corporations,* By-laws and ordinances. *Way,* Public: distribution of handbills. *Fall River. Words,* "Advertising," "Recognized."

The omission in a criminal complaint of a statement that the act charged was in violation of a municipal ordinance, and of a description of the ordinance, did not as a matter of law require that the complaint be quashed where the defendant did not contend that he was prejudiced by the omissions and did not ask for a bill of particulars.

Attached pieces of paper bearing printing advocating a certain labor organization and announcing a free play, could be found to be "hand bills" within those words as used in a criminal complaint charging their distribution, and "bills" and "sheets of paper" containing "advertising matter," within the language of an ordinance of Fall River prohibiting such distribution, the word "advertising" not being limited to notices for commercial purposes.

An ordinance of Fall River prohibiting the distribution in the public ways and places of "posters, bills," or "sheets of paper of any description, containing advertising matter of any kind," was a lawful exercise of the power, granted to cities by G. L. (Ter. Ed.) c. 40, § 21 (1), to make ordinances for the purpose of "maintaining their internal police"; and the prohibition was not unreasonable as a matter of law.

COMPLAINT, received and sworn to in the Second District Court of Bristol on April 6, 1937.

On appeal to the Superior Court and waiver of jury trial by the defendant, the complaint was heard by *Hayes,* J., who found the defendant guilty. The defendant alleged exceptions.

*D. Silverstein,* for the defendant.

*E. J. Harrington,* Assistant District Attorney, for the Commonwealth.

LUMMUS, J. This is a complaint to a district court, charging that the defendant "did distribute hand bills in a public street, she . . . not then and there having a permit to do so." She renewed in the Superior Court on appeal a motion made in the District Court to quash the complaint for the reason that "the offense charged against the defendant is unknown to law." The only point argued upon the motion is that the complaint did not set forth the ordinance, and allege that the act charged was contrary thereto. An ordinance of the city of Fall River, the Commonwealth admits, is the sole foundation of the complaint.

Originally a complaint for violation of an ordinance recited the ordinance. After statutes had dispensed with this requirement for certain courts (*Commonwealth* v. *Worcester,* 3 Pick. 462, 473, 474), it was abolished generally by St. 1846, c. 62. See now G. L. (Ter. Ed.) c. 277, § 33. Originally such a complaint concluded *contra formam statuti. Commonwealth* v. *Worcester,* 3 Pick. 462, 475. *Commonwealth* v. *Gay,* 5 Pick. 44. But such a conclusion was made unnecessary by St. 1858, c. 23, applying to complaints the provision as to indictments made by R. S. (1836) c. 137, § 14. See now G. L. (Ter. Ed.) c. 277, § 33. A practice existed, after those enactments, of concluding such a complaint with the allegation that the act charged was contrary to the form of the ordinance. *Commonwealth* v. *Nightingale,* Thach. Crim. Cas. 251, 259. *Commonwealth* v. *Odenweller,* 156 Mass. 234. Any need of such a conclusion was ended by St. 1899, c. 409, § 3. See now G. L. (Ter. Ed.) c. 277, § 33. The removal of these formal requirements was not absolute, for the omission of them may still avail a defendant if it "tends to the prejudice of the defendant." G. L. (Ter. Ed.) c. 277, § 33. But it was said in *Commonwealth* v. *Freelove,* 150 Mass. 66, that the omission of such a formal conclusion "would not prejudice" a defendant.

The fact that it is no longer necessary to refer in a com-

plaint to an ordinance upon which it is based, may seem anomalous when we consider that the defendant may be left in doubt as to whether he is being prosecuted at common law (*Commonwealth* v. *Springfield*, 7 Mass. 9, 13; *Commonwealth* v. *Hoxey*, 16 Mass. 385), or under a supposed statute (*Commonwealth* v. *Freelove*, 150 Mass. 66, 67; *Commonwealth* v. *Andler*, 247 Mass. 580; *Commonwealth* v. *Cooper*, 264 Mass. 378; G. L. [Ter. Ed.] c. 279, § 37), or under an ordinance, for it is still law that a court cannot know without proof whether any ordinance exists which would be violated by the act alleged in the complaint. *Mahar* v. *Steuer*, 170 Mass. 454, 456. *Attorney General* v. *McCabe*, 172 Mass. 417, 420. *O'Brien* v. *Woburn*, 184 Mass. 598, 600. *Rogers* v. *Abbott*, 248 Mass. 220, 224. *Brodsky* v. *Fine*, 263 Mass. 51, 54. *Wolbarsht* v. *Donnelly*, 291 Mass. 229, 233. But precision has yielded to convenience. It cannot be ruled as matter of law that the omission to refer to the ordinance tended "to the prejudice of the defendant." *Commonwealth* v. *Reid*, 175 Mass. 325, 330, 331. *Commonwealth* v. *Lee*, 247 Mass. 107, 108, 109. The defendant does not contend that she was prejudiced. Furthermore, G. L. (Ter. Ed.) c. 277, § 34, provides: "An indictment [or complaint, § 79] shall not be quashed or be considered defective or insufficient if it is sufficient to enable the defendant to understand the charge and to prepare his defence; nor shall it be considered defective or insufficient for lack of any description or information which might be obtained by requiring a bill of particulars under section forty." No bill of particulars was asked. The formal objection to the complaint cannot be sustained.

Coming to the merits, an ordinance of Fall River, adopted in 1930, provided as follows: "No person shall distribute posters, bills nor sheets of paper of any description, containing advertising matter of any kind, whether printed or written, in any public street, highway, or public place; nor shall cause the same to be done by another." What the defendant did distribute in a public street in Fall River consisted of four pieces of paper apparently fastened together at the top, each printed or prepared by some means

of making many copies at one time, advocating a certain labor organization, the whole being entitled "Garment Worker" and signed "International Ladies Garment Workers' Union Locals 178, 232, 233 304 South Main St., Fall River Massachusetts." On one of the sheets is the following: "Sit-down! Exciting new play based on the auto strikes given by the Brookwood Players Anawan Hall Wed. Ap. 7 8:00 pm. Tickets may be obtained free at the office of the Union." We think that these pieces of paper could be found to be "hand bills" within the language of the complaint, and "bills" and "sheets of paper" containing "advertising matter" within the language of the ordinance. The word advertising is not limited to notices for commercial purposes.

The Legislature may delegate to local authorities the power to make local police regulations. *Brodbine* v. *Revere*, 182 Mass. 598, 600. *Commonwealth* v. *Fox*, 218 Mass. 498. *Opinion of the Justices*, 286 Mass. 611, 617–619. "An ordinance which goes beyond the authority conferred by the enabling statute is invalid." *Cawley* v. *Northern Waste Co.* 239 Mass. 540, 544. No statute specifically gives power to the city of Fall River or to cities generally to regulate the distribution of handbills on the streets. But the present Plan D charter of Fall River (G. L. [Ter. Ed.] c. 43, §§ 79–92; *Sullivan* v. *Lawson*, 267 Mass. 438; *Openshaw* v. *Fall River*, 287 Mass. 426) preserves the legislative powers (§ 3) granted to the city by its earlier charter (St. 1902, c. 393), which in § 15 (4) gave power "to make ordinances for all purposes for which towns and cities may make by-laws and ordinances under general laws." *Clarke* v. *Fall River*, 219 Mass. 580, 584. Turning to the general laws, by G. L. (Ter. Ed.) c. 40, § 21 (1) towns (including cities, c. 40, § 1; c. 4, § 7 [34]) may make by-laws (including ordinances, c. 4, § 7 [22]) for the purpose of "directing and managing their prudential affairs, preserving peace and good order, and maintaining their internal police." We pass by the expression "prudential affairs." *Clarke* v. *Fall River*, 219 Mass. 580, 584. *McNeil* v. *Mayor & City Council of Peabody*, 297 Mass. 499, 503. The words more par-

ticularly applicable to this case are "maintaining their internal police." These words do not transfer to municipalities the entire police power of the Commonwealth, and do not enable a city to establish a local policy in important matters of general concern, like the prohibition or regulation of the sale of liquor. *Commonwealth* v. *Turner*, 1 Cush. 493. See also *Commonwealth* v. *Drew*, 208 Mass. 493, 495, 496. But they do authorize a variety of police regulations of a local or "internal" nature. *Vandine, petitioner*, 6 Pick. 187 (removal of garbage). *Goddard, petitioner*, 16 Pick. 504 (removal of snow). *Hall* v. *Kent*, 11 Gray, 467 (obstructing street). *Pedrick* v. *Bailey*, 12 Gray, 161 (awnings over sidewalks). *Commonwealth* v. *Bean*, 14 Gray, 52 (permitting animals to graze on streets). *Commonwealth* v. *Curtis*, 9 Allen, 266 (permitting animals to go on sidewalks). *Commonwealth* v. *Patch*, 97 Mass. 221 (keeping swine; compare *Commonwealth* v. *Rawson*, 183 Mass. 491). *Commonwealth* v. *Parks*, 155 Mass. 531 (blasting without consent of aldermen). *Commonwealth* v. *Hubley*, 172 Mass. 58 (collecting old rags). *Commonwealth* v. *Baronas*, 285 Mass. 321 (carrying liquor at a public dance). Nearest to the present case are *Commonwealth* v. *McCafferty,* 145 Mass. 384, 385, and *Commonwealth* v. *Haffer*, 279 Mass. 73, where the statutory words in question were held to authorize an ordinance prohibiting the carrying on a sidewalk of a placard for the purpose of displaying it, and *Commonwealth* v. *Ellis*, 158 Mass. 555, where they were held to authorize an ordinance prohibiting selling in streets. The distribution of handbills or similar papers in streets tends to annoy travellers and abutters, to obstruct the streets, and to litter them with paper. It seems to us a valid exercise of the power to maintain the "internal police" of a city, to prohibit such distribution entirely. *In re Anderson*, 69 Neb. 686, an opinion by Pound, C. *Milwaukee* v. *Kassen*, 203 Wis. 383. *Wettengel* v. *Denver*, 20 Colo. 552. *People* v. *Horwitz*, 27 N. Y. Crim. Rep. 237. *Almassi* v. *Newark*, 8 N. J. Misc. 420, cited with apparent approval in *Dziatkiewicz* v. *Maplewood*, 115 N. J. L. 37. See also *Philadelphia* v. *Brabender*, 201 Penn. St. 574; *Goldblatt Brothers*

*Corp.* v. *East Chicago,* 211 Ind. 621; *People* v. *St. John,* 108 Cal. App. 779; *San Francisco Shopping News Co.* v. *South San Francisco,* 69 Fed. (2d) 879; *Fifth Avenue Coach Co.* v. *New York,* 221 U. S. 467. "The power to regulate the use of the streets of a city implies the power to prohibit the use of them under certain circumstances." *Attorney General* v. *Boston,* 142 Mass. 200, 203, quoted in *Burgess* v. *Mayor & Aldermen of Brockton,* 235 Mass. 95, 102. *General Outdoor Advertising Co. Inc.* v. *Department of Public Works,* 289 Mass. 149, 181, 182. If our authority over ordinances extends beyond the question of power to that of reasonableness (*Austin* v. *Murray,* 16 Pick. 121, 125; *Boston* v. *Shaw,* 1 Met. 130, 135; *Commonwealth* v. *Robertson,* 5 Cush. 438, 442; *Commonwealth* v. *Parks,* 155 Mass. 531, 533; *Commonwealth* v. *Mulhall,* 162 Mass. 496, 498, 499; 2 McQuillin, Mun. Corp. [2d ed.] §§ 760, 761), we cannot pronounce the prohibition unreasonable.

The main attack of the defendant is upon an amendment to the ordinance, made before the commission of the alleged offence, by adding at the end of the ordinance as hereinbefore quoted the words: "provided, however, that this section shall not prohibit the distribution of written or printed notices of a meeting of any recognized organization of citizens if the contents of said notices are approved by the Mayor or such other official delegated by him to act thereon." The general prohibition remains. The amendment creates an exception narrow in scope, where the distribution is (1) of notices of a meeting (2) of an organization (3) of citizens (4) which is recognized and (5) the contents of the notices are approved by the mayor or his delegate. In a manufacturing city like Fall River there may well be organizations the members of which could most speedily and conveniently be notified of meetings by handbills distributed on the street at the entrances to mills. Such members would probably welcome and retain the notices, and not drop them on the streets. A rational ground exists for such an exception to a general prohibition. The limitation of the exception to organizations of

citizens as distinguished from aliens cannot be pronounced unconstitutional or unreasonable. *Commonwealth* v. *Hana,* 195 Mass. 262, 265, 266. *Lee* v. *Lynn,* 223 Mass. 109, 112. *Ohio* v. *Deckebach,* 274 U. S. 392. *State* v. *Rheaume,* 80 N. H. 319. *In re Rameriz,* 193 Cal. 633. *Gizzarelli* v. *Presbrey,* 44 R. I. 333. *Morin* v. *Nunan,* 91 N. J. L. 506. *Asakura* v. *Seattle,* 122 Wash. 81. As used in the amendment, the word recognized, though not well chosen, means no more than actual and publicly known, as contrasted with proposed, pretended or secret. The sufficient reason for requiring the contents of the notices to be approved by some public officer before being distributed is to make sure that they do not go beyond the scope of the exception. The duty of the public officer is to approve or disapprove according to his honest judgment upon that subject, and not to use his authority arbitrarily, capriciously, or in a spirit of favoritism. *Commonwealth* v. *McGann,* 213 Mass. 213, 215. *General Outdoor Advertising Co. Inc.* v. *Department of Public Works,* 289 Mass. 149, 192.

Ordinarily a general prohibition may be qualified by an exception permitting the act when licensed or permitted by a public officer. *Lowell* v. *Simpson,* 10 Allen, 88. *Commonwealth* v. *Plaisted,* 148 Mass. 375, 382. *Quincy* v. *Kennard,* 151 Mass. 563. *Commonwealth* v. *Parks,* 155 Mass. 531, 532. *Commonwealth* v. *Ellis,* 158 Mass. 555, 557. *Commonwealth* v. *Davis,* 162 Mass. 510, 512. *Opinion of the Justices,* 208 Mass. 625, 629, 630. *Storer* v. *Downey,* 215 Mass. 273. *Commonwealth* v. *Fox,* 218 Mass. 498. *Commonwealth* v. *Slocum,* 230 Mass. 180, 190. *Richards* v. *Pass,* 277 Mass. 372, 376. *Commonwealth* v. *Haffer,* 279 Mass. 73. *McMurdo* v. *Getter,* 298 Mass. 363, 367. The case does not fall within *Commonwealth* v. *Atlas,* 244 Mass. 78, 82, and *Anzalone* v. *Metropolitan District Commission,* 257 Mass. 32, 37, and cases therein cited, in which local regulations purported to make the right to use and improve private property dependent on the unguided discretion of a public officer. In *Commonwealth* v. *Maletsky,* 203 Mass. 241, 246, 247, one of such cases, cases like the present one

were distinguished as cases "where the city government has general control of the subject matter of the ordinance and may impose such conditions as it pleases."

The short answer, however, to the defendant's main contention, is that her case does not fall within the exception, for she was not distributing a notice of a meeting; and even if the amendment were invalid in whole or in part, an intention could not properly be imputed to the city council to make the whole regulation of the distribution of handbills dependent upon the validity of the unimportant exception made by the amendment. At the most, if the amendment should be held invalid, it would be excised, leaving the preëxisting general prohibition in force. *Commonwealth* v. *Petranich*, 183 Mass. 217, 220. *Edwards* v. *Bruorton*, 184 Mass. 529. *Ashley* v. *Three Justices of the Superior Court*, 228 Mass. 63, 81. *Lawton Spinning Co.* v. *Commonwealth*, 232 Mass. 28, 32. *Worcester County National Bank, petitioner*, 263 Mass. 444, 460, 461. *Opinion of the Justices*, 269 Mass. 611, 615, 616. *Thomson Electric Welding Co.* v. *Commonwealth*, 275 Mass. 426, 428. *Dorchy* v. *Kansas*, 264 U. S. 286. Compare *Commonwealth* v. *Hana*, 195 Mass. 262, 267; *Greene* v. *Mayor of Fitchburg*, 219 Mass. 121, 127.

*Exceptions overruled.** 