COMMONWEALTH *vs.* JOHN H. ANDERSON.

Suffolk. February 3, 1941. — February 25, 1941.

Present: FIELD, C.J., LUMMUS, QUA, COX, & RONAN, JJ.

*Constitutional Law*, Due process of law, Public place, Freedom of speech, Freedom of the press. *Way*, Public: display of placard. *Municipal Corporations*, By-laws and ordinances. *Boston*. *Placard*. *Practice, Criminal*, Exceptions: contents of bill; Agreed statement of facts.

A statement of "supplementary" agreed facts, signed by counsel in a criminal case, "to be filed and incorporated with the original bill of exceptions" but not mentioned therein nor passed upon by the trial judge, could not be considered by this court.

A municipal ordinance unqualifiedly prohibiting a pedestrian's carrying and displaying in the streets any showcard, placard or sign without a permit, as applied to a pedestrian displaying in a street an unobjectionable placard in an inoffensive manner, was unenforceable because in violation of § 1 of the Fourteenth Amendment to the Federal Constitution.

COMPLAINT, received and sworn to in the Municipal Court of the City of Boston on July 25, 1940.

On appeal to the Superior Court, the case was heard by *Williams*, J., who found the defendant guilty. The defendant alleged exceptions.

*A. A. Albert,* (*W. P. Fowler* with him,) for the defendant.

*W. J. Foley,* District Attorney, & *F. J. Hickey,* Assistant District Attorney, for the Commonwealth, submitted a brief.

QUA, J.   This complaint, stated in the bill of exceptions to have been brought under c. 39, § 37, of the Revised Ordinances of the City of Boston, 1925, was heard in the Superior Court without a jury on an agreed statement of facts which refers to the ordinance and states merely that the defendant, "being a member of the Watch Tower Bible and Tract Society" and of "Jehovah's Witnesses," violated the ordinance by carrying and displaying "certain placards," while on foot on Washington Street, a public way, without a permit from the commissioner of public works of the city.   The defendant was found guilty and fined $2.

With the record is printed a "Supplementary Agreed Statement of Facts," "to be filed and incorporated with the original bill of exceptions," wherein it is stated that the placards were twenty-four inches by fifteen inches in size; that by printed words they advertised a talk or lecture on "Religion as a World Remedy," open free to "All persons of good-will"; and that the defendant carried two of the placards, one in front of him and one behind him, attached by strings over his shoulders "sandwich style." This "supplementary" statement of facts cannot be considered.   It is signed by an assistant district attorney and by the attorney for the defendant, but it is not in fact incorporated or referred to in the bill of exceptions.   It appears to have been filed about two weeks after the finding of guilty.   It does not appear that the trial judge consented to its incorporation in the bill of exceptions or, indeed, that he ever saw it.   Parties cannot merely by agreement among themselves alter a bill of exceptions in this manner. *Carroll* v. *Daly,* 162 Mass. 427, 428. *Gorey* v. *Guarente,* 303 Mass. 569, 570–571, and cases cited.   In the view we take of the case, however, the result would be no different if the "supplementary" facts were open to our consideration.

The ordinance upon which the complaint is based is not

set forth in terms in the bill of exceptions. See *Rogers v. Abbott*, 248 Mass. 220, 224; *Commonwealth* v. *Kimball*, 299 Mass. 353, 355. But we assume in favor of the Commonwealth, without deciding, that it is so far incorporated by reference that we may consider it, and that its terms are as stated both in the brief of the Commonwealth and in that of the defendant. As it appears in the briefs the material portion reads, "No person shall, while on foot in any street, carry and display any showcard, placard, or sign, except in accordance with a permit from the commissioner of public works . . . ."

The decisive question is whether the conviction of the defendant was in violation of the rights secured to him by § 1 of the Fourteenth Amendment to the Constitution of the United States.

This court, in *Commonwealth* v. *Haffer*, 279 Mass. 73, held this ordinance to be a lawful exercise of the police power. In *Commonwealth* v. *Nichols*, 301 Mass. 584, following the course of our former decisions, we held valid an ordinance forbidding the distribution or placing of placards, handbills, and other papers in or upon streets or ways. Our opinion as expressed in the case last cited and similar opinions expressed by the highest courts of other States were disapproved by the Supreme Court of the United States in *Schneider* v. *State*, 308 U. S. 147. That decision has been reinforced by other recent decisions of that court. *Hague* v. *Committee for Industrial Organization*, 307 U. S. 496, at pages 515, 516, 527. *Thornhill* v. *Alabama*, 310 U. S. 88. *Carlson* v. *California*, 310 U. S. 106. *Cantwell* v. *Connecticut*, 310 U. S. 296.

It is to be noted that there is no suggestion in the agreed facts that the defendant was obstructing traffic, causing danger, or annoying travellers in any way, or that the form of the placards or the writing upon them was indecent, libellous, likely to incite violence or otherwise objectionable. Nor do the terms of the ordinance itself limit its prohibition to instances 'where these or similar conditions exist. The particular case here presented is one of the unqualified interdiction of a wholly inoffensive display of

placards on a public street unless the defendant should submit to the requirement that he first obtain a permit. Whatever result might be reached if the ordinance, by its wording, affected only carefully defined instances of conduct actually inimical to the public interest, or if the proof had disclosed such conduct, we must at least conclude that under decisions by which we are bound the application of this ordinance to this defendant in this instance violated his constitutional right to do what he did do without a previous permit from anyone. We cannot distinguish this case in principle from *Schneider* v. *State*, 308 U. S. 147. Compare *Manchester* v. *Leiby*, 117 Fed. (2d) 661 (First Circuit, Feb. 17, 1941), relating to an ordinance substantially different from that here involved.

*Exceptions sustained.*
*Judgment reversed.*
*Judgment for the defendant.*