Mr. Richard S. Graham Attorney for Volusia County Property Appraisal Adjustment Board
QUESTION:
What is the meaning of the language `a designated member of a professionally recognized real estate appraisers' organization,' as used in s. 194.032(4), F.S. (1980 Supp.)?
SUMMARY:
The language `a designated member of a professionally recognized real estate appraisers' organization,' as used in s. 194.032(4), F.S., refers to a person who has been named or inducted into membership in a real estate appraisers' organization that is publicly known or `recognized' by the real estate appraisal industry or the professionals in that field, and which requires its members to be qualified and possessed of sufficient skill by experience and/or to possess advanced knowledge in the area of valuation of real estate gained by a prolonged course of special instruction or study and/or experience in the real estate appraisal field.
Section 194.032(4), F.S. (1980 Supp.), brought into the statutes by s. 1, ch. 80-274, Laws of Florida, provides in pertinent part:
 A special master shall be either a member of The Florida Bar and knowledgeable in the area of ad valorem taxation or a designated member of a professionally recognized real estate appraisers' organization and have not less than 5 years' experience in property valuation. . . .
Your inquiry questions the meaning of the language `a designated member of a professionally recognized real estate appraisers' organization' as it is used in the above subsection. Neither ch. 80-274, supra, nor ch. 194, F.S., contains a definition of this language or any part thereof. In the absence of a statutory definition, `the general rule is that the popular or received import of words furnishes the general rule for the interpretation of public laws.' 2A Sutherland Statutory Construction s. 45.08 (Sands 4th rev. ed. 1972). In determining the meaning of words used in a statute, `words of common usage should be construed in their plain and ordinary significance and not in a technical sense.' 30 Fla. Jur. Statutes s. 98. The words `designated,' `professionally' and `recognized' have no fixed legal meaning and their meaning depends upon the connection in which they are used. Thus, these words are presumed to have been used by the Legislature in their plain and ordinary sense.
The word `designate' is defined in Webster's Third New International Dictionary at page 612 as a term meaning `to induct in a rank or position' and `to declare to be.' It is synonymous to the words name, nominate, elect, and appoint. Thus a `designated member' of an organization would mean one who meets the qualifications for and has been named or inducted into membership status by an organization.
The word `professional' is defined in 34 Words and Phrases s. 83 (1980 Cumulative Annual Pocket Part) as `one engaged in one of the learned professions or in an occupation requiring a high level of training and proficiency.' In 72 C.J.S. Professional at page 1220, `professional' is defined as meaning that which `implies knowledge of an advanced type in a given field of science or learning, gained by a prolonged course of specialized instruction or study.' The adverb, `professionally' connotes the manner in which a professional acts.
The word `recognized' is defined in Black's Law Dictionary (4th rev. ed. 1968), at page 1436, as meaning `[a]ctual and publicly known. Commonwealth v. Kimball, 299 Mass. 353, 13 N.E.2d 18, 22, 114 A.L.R. 1440.' `Recognize' is defined in Webster's New Twentieth Century Dictionary (Unabridged 2nd ed. 1970), at page 1507, as meaning `to acknowledge the existence, validity or genuineness of.' Thus, I am of the opinion that the words `professionally recognized' mean that which is actual and publicly known to be valid and genuine by members of an industry or occupation which requires its members to be qualified and possessed of sufficient skill by experience and/or to have advanced knowledge in a given area of science or learning as a condition to membership status.
The language of s. 194.032, F.S. (1980 Supp.), does not qualify or restrict any real estate appraisers' organization or specify any particular organizations or societies except that it or they be `professionally recognized' as such. The statute does not qualify or limit `a designated member' of any such organization except that a real estate appraiser be a member, that is, `designated' by a `professionally recognized real estate appraisers' organization.'
Section 194.032(4), F.S. (1980 Supp.), provides:
 The board is hereby authorized to appoint special masters for the purpose of taking testimony and making recommendations to the board, which recommendations the board may act upon without further hearing. Such special masters may not be elected or appointed officials or employees of the county but shall be selected from a list of those qualified individuals who are willing to serve as special masters. . . .
Cf. s. 194.032(9) (the board may employ qualified property appraisers or evaluators to appear before the board at the meeting of the board held for the purpose of hearing complaints to present testimony as to the just value of any property the value of which is contested before the board). Thus it appears from the above and foregoing that a qualified applicant should possess a high level of experience and/or training and proficiency in order to perform the intended duties and responsibilities of a special master.
The foregoing considerations raise questions of fact which this office is not empowered to resolve, and is without the requisite knowledge or training to make any conclusive determination as to the qualification or status of any particular real estate appraisers' organization or society or a `designated member' thereof within the scope of s. 194.032(4), F.S. (1980) Supp.).
Prepared by: John Browdy, III, Assistant Attorney General