COMMONWEALTH *vs*. ELMIRA NICHOLS.

SAME *vs*. PAULINE THOMPSON.

Worcester.    September 26, 1938. — December 21, 1938.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Constitutional Law*, Due process of law, Freedom of the press, Police power, Public place. *Way*, Public: distribution of literature. *Municipal Corporations*, By-laws and ordinances. *Worcester*. *Words*, "Distribute."

An ordinance of the city of Worcester providing: "No person shall distribute in or place upon any street or way, any placard, handbill, flyer, poster, advertisement or paper of any description," was not an unconstitutional denial or impairment of the freedom of the press but was a reasonable and valid regulation of the use of the public ways.

Two COMPLAINTS, received and sworn to in the Central District Court of Worcester on April 14, 1938.

On appeal to the Superior Court, the cases were heard by *Burns*, J.

*S. S. Grant*, for the defendants.

*A. B. Cenedella*, Assistant District Attorney, for the Commonwealth.

QUA, J. Each defendant has been convicted and fined $5 for violation of c. 36, § 12, of the Revised Ordinances of the City of Worcester, which reads as follows: "No person shall distribute in or place upon any street or way, any placard, handbill, flyer, poster, advertisement or paper of any description. No person shall transport through the streets of the City any rubbish without first covering or fastening such rubbish so as to prevent the same from being blown or scattered about in the streets."

At the beginning of the trial, before any evidence was introduced, each defendant moved "to quash and dismiss" the complaint against her on the ground that it did not charge the commission of any crime and that the ordinance was unconstitutional and void. In each case the only exception is to the denial of the motion. In each case the only point raised and argued is that the ordinance is void on its face in that it interferes with the freedom of the press as guaranteed by § 1 of the Fourteenth Amendment to the Constitution of the United States and by art. 16 of the Declaration of Rights of the Constitution of this Commonwealth. We confine our discussion to this point, and we assume in accordance with the trend of recent decisions that freedom of the press is a "liberty" protected by the due process clause of the Fourteenth Amendment against interference by State law; that, for present purposes, a duly authorized city ordinance is a State law; and that liberty of the press extends to the kinds of printed matter to which the ordinance refers and includes distribution as well as publication. *Lovell* v. *Griffin*, 303 U. S. 444, 450, 452, and cases cited.

In the recent case of *Commonwealth* v. *Kimball*, 299 Mass. 353, we had occasion to consider the validity of an ordinance of Fall River the main portion of which, exclusive of a proviso at the end, was substantially the same as the ordinance here involved. We there held that the ordinance, considered apart from the proviso, was valid. On page 357 we said, "The distribution of handbills or similar papers in streets tends to annoy travellers and abutters, to obstruct the streets, and to litter them with paper. It seems to us a valid exercise of the power to maintain the 'internal police' of a city, to prohibit such distribution entirely." Many cases were cited in support of that statement. Although there are cases to the contrary, we felt and we still feel that the cases cited represent the sounder view. Reference to the original papers in the *Kimball* case shows that the same contention was argued there that is urged here. That case is a precedent upon the issue here presented. Ordinarily we would regard such

a precedent as decisive and would forbear further discussion. But it is pressed upon us that the case of *Lovell* v. *Griffin*, 303 U. S. 444, decided a few weeks after the *Kimball* case was decided, is inconsistent with that case, and it therefore becomes our duty to consider whether we are now required to modify our views.

Freedom of the press is a necessity in our political system. It must be sedulously guarded against subtle encroachments under the guise of specious pretexts. But like other constitutional rights it is subject to reasonable rules formulated to serve the public interest and to prevent abuse in the manner of the exercise of the right, so long as the right itself is neither denied nor impaired. This principle is fully recognized in recent decisions of the Supreme Court of the United States. *Gitlow* v. *New York*, 268 U. S. 652, 666, 667. *Whitney* v. *California*, 274 U. S. 357, 371. *Stromberg* v. *California*, 283 U. S. 359, 368. *Near* v. *Minnesota*, 283 U. S. 697, 707, 708. *DeJonge* v. *Oregon*, 299 U. S. 353, 364. See *Commonwealth* v. *Blanding*, 3 Pick. 304, 313; *Commonwealth* v. *Libbey*, 216 Mass. 356; *Commonwealth* v. *Karvonen*, 219 Mass. 30; *Commonwealth* v. *Anderson*, 272 Mass. 100, 106. "Liberty implies the absence of arbitrary restraint, not immunity from reasonable regulations and prohibitions imposed in the interests of the community." *Chicago, Burlington & Quincy Railroad* v. *McGuire*, 219 U. S. 549, 567. The question before us is whether we can properly say that the ordinance is not a reasonable regulation of the use of the streets affecting only incidentally one method of distributing printed matter, but that it is an actual impairment of the constitutional freedom of the press. We are justified in overriding the judgment of the city's legislative body only if its action is clearly beyond the scope of its power. *Commonwealth* v. *Mulhall*, 162 Mass. 496, 498.

The wording of the section of the ordinance as a whole indicates that it was directed to the object of preventing the accumulation of litter and rubbish in the streets and preserving the comfort and preventing the annoyance of travellers, and that it was not directed against the liberty

of the press.  Properly construed, we see no reason why in practical operation it should extend beyond the legitimate purpose for which it was designed.  It does not prevent the casual passing of papers from one traveller to another in isolated instances.  See *Commonwealth* v. *Ellis*, 158 Mass. 555.  It forbids persons to "distribute."  This implies an offering to many people, with the consequent probability of littering the neighborhood with papers which, if not painstakingly gathered by someone, will become unsightly, annoying and obnoxious.  We think that the word "distribute," in connection with the other language used and in view of the apparent object of the section, does not include sale, and that the ordinance does not forbid the sale of newspapers or other printed matter in the streets.  The section is not in any sense directed toward the suppression of ideas, theories or opinions.  It involves no censorship.  It interferes in no way with the publication of anything in the city of Worcester, except only that it excludes the public streets and ways from the places available for free distribution.  It leaves open for such distribution all other places in the city, public and private.

In *Commonwealth* v. *Morrison*, 197 Mass. 199, at page 204, this court said, "The primary purpose of a highway is the passing and repassing of the public, which is entitled, so far as needed, to the full, unobstructed and uninterrupted enjoyment of the entire width of the layout for that purpose."  *Opinion of the Justices*, 297 Mass. 559, 562.  The constitutional right of free speech cannot be so exercised as to obstruct the public in the enjoyment of its easement of travel.  *Commonwealth* v. *Surridge*, 265 Mass. 425.  See *Commonwealth* v. *Davis*, 140 Mass. 485; *Commonwealth* v. *Abrahams*, 156 Mass. 57; *Commonwealth* v. *Davis*, 162 Mass. 510, affirmed, *Davis* v. *Massachusetts*, 167 U. S. 43.  The constitutional right to freedom of religious worship does not prevent the enforcement of reasonable rules and regulations for the use of streets and public places.  *Commonwealth* v. *Plaisted*, 148 Mass. 375.  The preservation of the public right of travel in the streets against annoyance of any kind has always been a proper

subject of legislative action. *Commonwealth* v. *Fox*, 218 Mass. 498. *Opinion of the Justices*, 251 Mass. 569, 595. *Commonwealth* v. *Boston & Maine Transportation Co.* 282 Mass. 345, 348. *General Outdoor Advertising Co. Inc.* v. *Department of Public Works*, 289 Mass. 149, 181.

In our opinion this case is to be distinguished from *Lovell* v. *Griffin*, 303 U. S. 444, upon which the defendants principally rely. The ordinance which was there struck down was not a regulation of the use of the streets. It was an absolute prohibition of the distribution of "literature of any kind" anywhere within the city, whether delivered free or sold, without the written permission of the city manager. The city manager was thus made the sole arbiter, apparently without appeal, as to what literature of any kind should be allowed within the city. Plainly such an ordinance goes far beyond reasonable regulation and infringes upon fundamental rights. The court said of that ordinance, "It covers every sort of circulation 'either by hand or otherwise.' There is thus no restriction in its application with respect to time or place. It is not limited to ways which might be regarded as inconsistent with the maintenance of public order or as involving disorderly conduct, the molestation of the inhabitants, or the misuse or littering of the streets." 303 U. S. at page 451.

We hold that the section of the ordinances of Worcester here involved is not a denial or impairment of the freedom of the press, but that it is a reasonable and valid regulation of the use of the public ways for the preservation of public order, the protection of travellers from annoyance, and the prevention of misuse or littering of the streets, and that it affects the right of publication only collaterally and incidentally by curbing what the city may regard as abuses detrimental to the public in the manner of the exercise of that right. *Commonwealth* v. *McCafferty*, 145 Mass. 384. *Commonwealth* v. *Haffer*, 279 Mass. 73. *Commonwealth* v. *Kimball*, 299 Mass. 353. Our opinion is fully supported by well reasoned decisions of the courts of last resort of Nebraska and of Wisconsin in closely parallel cases. *In re Anderson*, 69 Neb. 686. *Milwaukee* v. *Kassen*, 203 Wis.

383. Whether the legitimate objects of the section could be substantially accomplished by less sweeping provisions is a matter for the consideration of the city's legislative body and not for us.

It follows that the complaints duly charged a criminal offence, and that there was no error in denying the motions to quash and dismiss them.

In each case the entry will be

*Exceptions overruled.\**