CITY OF MILWAUKEE, Respondent, vs. SNYDER, Appellant.

*December 8, 1938—January 10, 1939.*

*A. W. Richter* of Milwaukee, for the appellant.

For the respondent there was a brief by *Walter J. Mattison,* city attorney, and *Carl F. Zeidler,* assistant city attorney, and oral argument by *Mr. Zeidler.*

A brief was also filed by *Osmond K. Fraenkel* of New York City, and *Perry J. Stearns* of Milwaukee, attorneys for the American Civil Liberties Union, Inc., as *amicus curiæ.*

FOWLER, J. We consider that this case is ruled by the decision in *Milwaukee v. Kassen* (1931), 203 Wis. 383, 234 N. W. 352, which involved the same ordinance and substantially the same facts as to distribution. The ordinance is set out in full at page 384 of the *Kassen Case.* In that case political handbills were being distributed in the same manner and with the same effect as here. In that case and a prior case it was held that "the object sought to be attained by the ordinance evidently is to prevent an unsightly, untidy, and offensive condition of the sidewalks." *Mittleman v. Nash Sales, Inc.,* 202 Wis. 577, 583, 232 N. W. 527. All points here raised were raised in the *Kassen Case,* except such as are hereinafter discussed. We see no need to restate or add to what is said in that case upon the points there covered.

It is contended that the case of *Lovell v. Griffin* (1938), 303 U. S. 444, 447, 448, 58 Sup. Ct. 666, 82 L. Ed. 949, overrides the *Kassen Case* and requires the reversal of the instant one. The ordinance involved in the *Lovell Case* was held to violate the constitution of the United States in that

it unduly restricted the rights of the citizen as to freedom of speech and press and in the free exercise of religion. No question of religion is here involved. The ordinances involved in the two cases are so widely different that we perceive no conflict between the decisions. The act involved in the *Lovell Case* was the free distribution within the city of a tract or pamphlet "setting forth the gospel of the Kingdom of Jehovah," a religious cult of which the petitioner in *certiorari* was a member, without having first procured a license so to do as required by an ordinance of the city. The ordinance prohibited "the practice of distributing, either by hand or otherwise, circulars, handbooks, advertising, or literature of any kind, whether said articles are being delivered free, or whether same are sold, within the limits" of the city unless a license was first procured from the city manager. So doing was declared a nuisance. The ordinance was manifestly not aimed to prevent the littering of streets, as was the instant ordinance. The opinion in the *Lovell Case, supra,* written by Mr. Chief Justice HUGHES negatives the idea that an ordinance aimed to prevent "the littering of the streets" is within the purview of the decision in that case. It is said (p. 451):

"It [the ordinance] is not limited to ways which might be regarded as inconsistent with the maintenance of public order, or as involving disorderly conduct, the molestation of the inhabitants, or the misuse or littering of the streets."

The implication plainly is that an ordinance so aimed is not unconstitutional, if reasonable in its terms. The construction of the Milwaukee ordinance, as held by our state court, is binding upon the federal courts, so far as its aim or purpose is concerned. The purpose of the ordinance would not, of course, except it from operation of the freedom of speech, press, and religion provisions of the United States constitution, or from the operation of the Fourteenth amendment thereto if it were enforced in a discriminatory manner

or in such a way as unreasonably to restrict the rights of the citizen thereunder. But the instant ordinance was found in the instant case not to have been so enforced, and the trial court held and we consider correctly that the defendant's rights were not unreasonably restricted. Unless and until delivery of the handbills was shown to result in a littering of the streets their distribution was not interfered with. .

The only contention of the defendant here made, so far as we can discover, that was not made in the *Kassen Case, supra,* is that the distribution of the handbills was lawful under a statutory provision enacted since that case was decided, sec. 103.53 (1) (e) of the State Labor Code. This declares lawful "giving publicity to and . . . communicating information regarding the existence of, or the facts involved in, any [labor] dispute, whether by advertising, speaking, patrolling any public. street or any place where any person or persons may lawfully be, without intimidation or coercion, or by any other method not involving fraud, violence, breach of the peace; or threat thereof."

The distribution here involved did not do any of the things impliedly prohibited by this section in "communicating information," and the content of the handbill was such as to be within the meaning of "giving publicity" and "communicating information" thereby declared lawful. But properly construed this does not make lawful the doing of things that violate existing lawful statutes or ordinances. The things mentioned which the code provision cited expressly permits must be done without so doing. That provision was not intended and cannot be construed to repeal or render void existing valid ordinances enacted to provide for the necessities or convenience of traffic in the city streets or their safety or seemly appearance, and it cannot be construed so to operate.

*By the Court.*—The judgment of the circuit court is affirmed.