COLE *v.* CITY OF FORT SMITH.

4203                               151 S. W. 2d 1000

Opinion delivered June 9, 1941.

*Woolsey & McKenzie,* for appellant.

*J. Clib Barton,* for appellee.

HOLT, J.  Appellant, H. D. Cole, was convicted in the municipal court of Fort Smith, Arkansas, for an alleged violation of the provisions of ordinance No. 1568 of that city. Appellants, Lois Bowden and Zada Sanders, were convicted in the same court for a violation of ordinance No. 1172. On appeal to the circuit court a jury was waived, and, by agreement, the causes were consolidated for trial and submitted to the court. Appellants were again convicted and fines assessed. This appeal followed.

That part of the ordinance under which H. D. Cole was convicted is as follows: "Item 10. Advertising: Distributors of circulars, handbills, samples or other advertising matter, $25 per annum, $5 per month, $1 per day; and each person engaging in distributing such advertising matter, whether upon his own account or as an agent, servant, or employee, shall pay said tax and shall keep in his or her possession, while so engaged, a receipt for said tax and exhibit same to the officers of the city upon demand." Violation of this ordinance under another section is made a misdemeanor and punishable by fine.

And the ordinance under which Lois Bowden and Zada Sanders were convicted provides: "Section 1. That the license hereinafter named shall be fixed and imposed and collected at the following rates and sums and it shall be unlawful for any person or persons to exercise or pursue any of the following vocations of business in the city of Fort Smith, Arkansas, without first having obtained a license therefor from the city clerk and having paid for the same in gold, silver or United States currency as hereinafter provided. . . . Section 40. For each person peddling dry goods, notions, wearing apparel, household goods or other articles, not herein or otherwise specifically mentioned, $25 per month, $10 per week, $2.50 per day. A person, firm or corporation using two or more men in their peddling business $50 per annum." Section 3 makes a violation a misdemeanor.

These causes are submitted on an agreed statement of facts:

Each of the appellants is a member of what is known as Jehovah's Witnesses, which is not a religious sect. Appellants claim to be ordained ministers of the gospel and that the authority of ordination or commission of Jehovah's Witnesses is given to them exclusively by Jehovah God. "They do not engage in this work for any selfish reason, but because they feel called to publish the news and preach the gospel of the Kingdom to all the world as a witness before the end comes. (Matt. 24:14.) They believe that in doing this they are engaged in work that the Almighty God declared must be done. To them the words 'to preach' mean to proclaim or publish. They claim to be publishers of the message of Jehovah making known His name and His government. Such publication is done by word of mouth, by distribution of the printed message, by the reproduction of recorded speech, by means of electrical transcription and phonographs and by the radio. They believe that the only effective way to preach is to go from house to house and make personal contact with the people and distribute to them books and pamphlets setting forth their views of Christianity."

Appellant Cole on June 15, 1940, went about on the streets of Fort Smith selling "a paper magazine 'Consolation' setting forth their views of Christianity as held by Jehovah's Witnesses upon the contribution of five cents. Enclosed in the magazine was a printed handbill giving information concerning a convention and extending an invitation to all interested to attend. This was a convention to be held in Columbus and other large cities simultaneously. The police officers of the city asked the price of the magazine. The defendant Cole stated that anyone who would contribute a nickel could have a copy. The defendant had no privilege license issued by the city of Fort Smith for passing out and selling handbills. . . ."

Appellants, Lois Bowden and Zada Sanders, on September 12, 1940, "were going from house to house in the residential section within the city of Fort Smith playing phonograph records upon which Bible lectures had been recorded at each house after having first secured permission. Also they were presenting to the residents of these

houses various booklets, leaflets and periodicals setting forth their views of Christianity held by Jehovah's Witnesses. . . . These defendants undertook to distribute these books to the residents of the city soliciting at the same time contribution of twenty-five cents for each book. . . . These books in some instances are distributed free when the people wishing them are unable to contribute. . . ."

Appellants earnestly urge here that the ordinances under which they were convicted violated their rights under the constitution of the United States in abridging the freedom of the press and prohibiting a free exercise of their religion.

Amendment No. 1 to the constitution of the United States provides: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble and to petition the government for a redress of grievances."

And § 1 of Amendment No. 14 is: "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

We take up first for consideration the charge against appellant Cole. Is the ordinance under which this appellant was convicted unconstitutional and therefore void? It is our view that it is unconstitutional and void.

As was said by the United States Supreme Court in *Lovell* v. *City of Griffin*, 303 U. S. 444, 58 S. Ct. 666, 82 Law ed. 949: "Freedom of speech and freedom of the press, which are protected by the First Amendment from infringement by Congress, are among the fundamental personal rights and liberties which are protected by the Fourteenth Amendment from invasion by state action.

(Citing cases.) It is also well settled that municipal ordinances adopted under state authority constitute state action and are within the prohibition of the amendment. (Citing cases.) . . . The liberty of the press is not confined to newspapers and periodicals. It necessarily embraces pamphlets and leaflets. . . ."

It will be observed from the agreed statement of facts, and the trial court so found, that "the defendant, H. D. Cole, is not charged with the violation of any ordinance in passing out or offering to the public said magazine 'Consolation'." He was convicted for distributing the circulars or handbills enclosed in the magazine, which magazine only he was selling for five cents per copy.

Under the plain terms of the ordinance in question it is made an offense punishable by fine, for any one to distribute circulars or handbills on the streets of Fort Smith without first having paid for a license to distribute them. The ordinance says nothing about distributing for profit nor is there any reference to peddling or engaging in a business such as referred to in the ordinance under which the other two appellants were convicted.

In the comparatively recent case of *Schneider* v. *State (Town of Irvington)*, decided by the Supreme Court of the United States November 22, 1939, 308 U. S. 147, 60 S. Ct. 146, 84 Law ed. 155, the court had before it for joint consideration four causes, each of which presented the question whether regulations embodied in a municipal ordinance abridged the freedom of speech and of the press secured against state invasion by the Fourteenth Amendment to the Constitution.

The first ordinance considered was that of the city of Los Angeles, California, which provided, "No person shall distribute any handbill to or among pedestrians along or upon any street, sidewalk, or park, or to passengers on any street car, or throw, place or attach any handbill in, to or upon any automobile or other vehicle." Ordinances similar in effect were considered from the cities of Milwaukee, Wisconsin, Worcester, Massachusetts, and Irvington, New Jersey.

The Los Angeles ordinance was upheld by the Superior Court of Los Angeles county, ''that court being the highest court in the state authorized to pass upon such a case,'' on the ground ''that experience shows littering of the streets results from the indiscriminate distribution of handbills.'' *People* v. *Young,* 33 Cal. App. 2d Supp., 747, 85 Pac. 2d 231.

The Milwaukee ordinance was held valid by the highest court of that state on the ground that ''the purpose of the ordinance was to prevent an unsightly, untidy and offensive condition of the sidewalks.'' *City of Milwaukee* v. *Snyder,* 230 Wis. 131, 283 N. W. 301.

The Worcester ordinance was upheld by the highest court of that state on similar grounds. *Commonwealth* v. *Nichols,* 301 Mass. 584, 18 N. E. 2d 166.

The ordinance of the town of Irvington, New Jersey, provides: ''No person except as in this ordinance provided shall canvass, solicit, distribute circulars, or other matter, or call from house to house in the town of Irvington without first having reported to and received a written permit from the chief of police or the officer in charge of police headquarters.'' The Supreme Court of that state held: ''That the petitioner's conduct amounted to the solicitation and acceptance of money contributions without a permit, and held the ordinance prohibiting such action a valid regulation, aimed at protecting occupants and others from disturbance and annoyance and preventing unknown strangers from visiting houses by day and night.''

In holding each of these four ordinances unconstitutional and void, and reversing the judgment in each case, the Supreme Court of the United States, among other things, said:

''The motive of the legislation under attack in numbers 13, 18 and 29, (the Los Angeles, Milwaukee and Worcester cases), is held by the courts below to be the prevention of littering of the streets, and, although the alleged offenders were not charged with themselves scattering paper in the streets, their convictions were sustained upon the theory that distribution by them encour-

aged or resulted in such littering. We are of the opinion that the purpose to keep the streets clean and of good appearance is insufficient to justify an ordinance which prohibits a person rightfully on a public street from handing literature to one willing to receive it. Any burden imposed upon the city authorities in cleaning and caring for the streets as an indirect consequence of such distribution results from the constitutional protection of the freedom of speech and press. This constitutional protection does not deprive a city of all power to prevent street littering. There are obvious methods of preventing littering. Amongst these is the punishment of those who actually throw papers on the streets.''

There is no contention that the ordinance under which Cole was convicted was intended to prevent the littering of the streets. As has been indicated, the ordinance denied to appellant the right to distribute the circulars in question without first having paid for a license.

The opinion in the Irvington case, *supra,* is concluded with this language: ''We are not to be taken as holding that commercial soliciting and canvassing may not be subjected to such regulation as the ordinance requires. Nor do we hold that the town may not fix reasonable hours when canvassing may be done by persons having such objects as the petitioner. Doubtless there are other features of such activities which may be regulated in the public interest without prior licensing or other invasion of constitutional liberty. We do hold, however, that the ordinance in question, as applied to the petitioner's conduct, is void, and she cannot be punished for acting without a permit. The judgment in each case is reversed and the causes are remanded for further proceedings not inconsistent with this opinion.''

We come now to a consideration of the charges against appellants, Lois Bowden and Zada Sanders, for violating ordinance No. 1172. Under this ordinance these two appellants were charged with carrying on the business of peddling religious books at twenty-five cents per copy without first having procured a license.

We think it clear that this ordinance is broad enough to embrace the character of goods, under the term "other articles," that appellants were peddling, under the facts presented. We think it can make no difference as to what motives, religious or otherwise, that may have prompted appellants to peddle these books. We think there is no inhibition in the Constitution of the United States against the imposition of the license imposed by the ordinance in question. A similar question was presented in the case of *Cook* v. *City of Harrison*, 180 Ark. 546, 21 S. W. 2d 966, in which one of Jehovah's Witnesses had appealed from a conviction of violating an ordinance of the city of Harrison, the applicable provisions of which were: "That it shall be unlawful for any person or persons to engage in, exercise or pursue any of the following avocations or businesses without first having obtained and paid for a license therefor from the proper city officials, the amount of which license is hereby fixed as follows, to-wit: . . . Section 13. For each book, picture or picture frame peddler, five dollars per month, or twenty-five dollars per year. . . . Section 31. Whoever shall engage in any business for which a license is required by this ordinance, without first obtaining and paying for same as above required, shall be deemed guilty of misdemeanor, and upon conviction shall be fined in any sum not exceeding $300."

The facts in this Harrison case are in all respects similar to those presented here. There this court said: "The gist of appellants' contention for a reversal of the judgment is that the ordinance does not forbid the hawking or peddling of religious tracts, or books, especially if the parties distributing them are prompted by religious motives. We find no such exception in the ordinance. No distinction appears in the ordinance between the character of books distributed or the motives prompting the distribution thereof. The Constitution of the state authorizes the imposition of a tax or license on hawkers or peddlers, irrespective of the kind of goods, wares or merchandise distributed by them, and there is no inhibition in the Constitution of the United States against the imposition of a tax or license upon

them. The imposition of such a tax is not an abridgment of religious freedom or an infringement upon the constitutional guaranty of religious liberty.''

We do not think the case of *Lovell* v. *Griffin*, 58 S. Ct. 666, 303 U. S. 444, 82 L. ed. 949, controls here. The provisions of the ordinance considered there were materially different from the one before us. We think the case of *Cook* v. *City of Harrison, supra,* controls here and that the ordinance under which appellants, Lois Bowden and Zada Sanders, were convicted is valid and constitutional and must stand. Accordingly the judgment as to appellant, H. D. Cole, is reversed and the cause dismissed. As to appellants, Lois Bowden and Zada Sanders, the judgments are affirmed.