BOWDEN et al. v. CITY OF FORT SMITH et al.

SAME v. GEREN, Sheriff of Sebastian County, Ark.

Nos. 12207, 12208.

Circuit Court of Appeals, Eighth Circuit.

June 9, 1943.

Hayden C. Covington, of Brooklyn, N. Y., and Mark E. Woolsey, of Ozark, Ark., for appellants.

No brief for appellees.

Before STONE, SANBORN, and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

The appellants in each of these appeals are members of Jehovah's Witnesses. On September 12, 1940, they were going from house to house in the residential section of the City of Fort Smith, Arkansas, playing phonograph records of Bible lectures and distributing booklets, leaflets and periodicals setting forth the views of Christianity

held by Jehovah's Witnesses. At the same time they solicited contributions of twenty-five cents for each book. In some instances they distributed the books free to people unable to contribute.

For these activities appellants were convicted in the municipal court of the City of Fort Smith for an alleged violation of Ordinance No. 1080 as amended by Ordinance No. 1172, which Ordinance made it unlawful to peddle articles within the city without a license. They appealed to the Circuit Court of Sebastian County where they were tried, found guilty and a fine of $5 was imposed upon each of them. On appeal to the Supreme Court of Arkansas their conviction was affirmed on June 9, 1941. Cole v. City of Fort Smith, 202 Ark. 614, 151 S.W.2d 1000.

In the courts of Arkansas the appellants contended that Ordinance No. 1172 is repugnant to the Constitution of the United States, in that, the Ordinance as construed and applied to them deprived them of freedom of speech, press and worship, for the reason that the books and literature distributed by them were of a religious character.

Following the affirmance of their conviction by the Supreme Court of Arkansas appellants petitioned the Supreme Court of the United States for writ of certiorari, which was denied on October 13, 1941, Bowden et al. v. City of Fort Smith, 314 U.S. 651, 62 S.Ct. 99, 86 L.Ed. 522, and appellants were taken into custody. Thereupon they commenced these cases in the district court. No. 12,207 is a suit for injunction and declaratory judgment, and No. 12,208 is an application for a writ of habeas corpus. In both cases appellants challenge the constitutionality of the Ordinance as applied to them. On November 25, 1941, the relief sought in both cases was denied, and these appeals followed. The cases were consolidated for trial in the district court, and both bases are presented here on a single record and a single brief.

On March 16, 1942, while the appeals were pending in this court, the Supreme Court of the United States vacated the order denying certiorari to the Supreme Court of Arkansas and granted the writ. Bowden et al. v. City of Fort Smith, 315 U.S. 793, 62 S.Ct. 903, 86 L.Ed. 1196. On June 8, 1942, the decision of the Supreme Court of Arkansas was affirmed. Jones v. Opelika (Bowden et al. v. City of Fort Smith), 316 U.S. 584, 62 S.Ct. 1231, 86 L. Ed. 1691, 141 A.L.R. 514. A rehearing was granted by the Supreme Court on February 15, 1943. Bowden et al. v. City of Fort Smith, 317 U.S. ——, 63 S.Ct. 658, 87 L.Ed. ——, and on May 3, 1943, the judgments of the state courts of Arkansas were reversed. Jones v. City of Opelika (Lois Bowden and Zada Sanders v. City of Fort Smith, Arkansas), 63 S.Ct. 890, 87 L.Ed. ——.

Since the last decision of the Supreme Court, supra, determines that the ordinance of the City of Fort Smith may not be construed to apply to the conduct of appellants and reverses the judgments of the state courts, all possibility or threat of the enforcement of the ordinance against them has disappeared. Under these circumstances the appellants do not need a declaratory judgment, injunction or writ of habeas corpus to protect them against the ordinance or the enforcement of the judgments against them. The decision of the Supreme Court, having that effect, renders the cases moot.

In this situation we are not called upon to consider the merits of the appeals. Our duty is to reverse the judgments appealed from and to remand the cases with instructions to dismiss without costs to either party. United States v. Alaska S. S. Co., 253 U.S. 113, 116, 40 S.Ct. 448, 64 L.Ed. 808; Berry v. Davis, 242 U.S. 468, 470, 37 S.Ct. 208, 61 L.Ed. 441; United States v. Hamburg-Amerikanische, etc., Co., 239 U.S. 466, 475, 476, 36 S.Ct. 212, 60 L.Ed. 387.

The judgments are reversed with instructions to dismiss without costs to either party.