## BUSEY ET AL. v. DISTRICT OF COLUMBIA.

No. 235. Argued June 1, 1943.—Decided June 14, 1943.

*Mr. Hayden C. Covington* for petitioners.

*Mr. Vernon E. West,* with whom *Mr. Richmond B. Keech* was on the brief, for respondent.

PER CURIAM.

In this case petitioners, who are Jehovah's Witnesses, were convicted of selling, on the streets of the District of Columbia, magazines which expound their religious views, without first procuring the license and paying the license tax required by § 47–2336 of the District of Columbia Code (1940). In affirming the conviction the Court of Appeals for the District of Columbia below had two questions before it: whether the statute was applicable to petitioners, and if so whether its application as to them infringed the First Amendment. The court construed the statute as applicable and sustained its constitutionality (75 U. S. App. D. C. 352, 129 F. 2d 24), following the decision in *Cole* v. *Fort Smith,* 202 Ark. 614, 151 S. W. 2d 1000, the judgment in which was affirmed by this Court in *Bowden* v. *Fort Smith,* 316 U. S. 584, one of the cases argued together with *Jones* v. *Opelika,* 316 U. S. 584. Since the decision below, and after hearing reargument in the *Opelika* case, we have vacated our earlier judgment and held the license tax imposed in that case to be unconstitutional. *Jones* v. *Opelika,* 319 U. S. 103; *Murdock* v. *Pennsylvania,* 319 U. S. 105. Petitioners urge us to construe the District of Columbia statute as inapplicable in order to avoid the constitutional infirmity which might otherwise exist—an infirmity conceded by respondent on the oral argument before us. In view of our decisions in the *Opelika* and *Murdock* cases, we vacate the judgment in this case and remand the cause to the Court of Appeals for the District of Columbia to enable it to reëxamine its rulings on the construction and validity of the District ordinance in the light of those decisions. Cf. *New York ex rel. Whitman* v. *Wilson,* 318 U. S. 688, 690–691, and cases cited.

*So ordered.*

MR. JUSTICE RUTLEDGE took no part in the consideration or decision of this case.