BERRY *v.* CITY OF HOPE.

4291                                  172 S. W. 2d 922

GOOD *v.* CITY OF HELENA.

4294                                  172 S. W. 2d 922

WILLIAMS *v.* CITY OF SHERIDAN.

4313                                  172 S. W. 2d 922

Opinion delivered June 28, 1943.

*George F. Edwardes, Hayden C. Covington, K. T. Sutton, O. W. Pete Wiggins* and *Roy A. Swayze,* for appellants.

*Steve Carrigan* and *Douglas S. Heslep,* for appellees.

McHANEY, J. In No. 4291, appellants, in addition to Evelyn Berry, are Edna Waterfall, Roy Pittman, George Cantley and Hazel Trimm. In No. 4294, appellants, in addition to Harry C. Good, are Wayne Blankenship, William Blankenship, Gorman Boen, Mrs. J. L. Boen, and Hughie Boen. These appellants and Jewell Williams, in No. 4313, are all members of a so-called religious sect known as Jehovah's Witnesses. They were charged and convicted of a violation of a city ordinance of the named cities in which they were respectively operating. In case No. 4291, appellants, Evelyn Berry, *et al.,* were charged

in the municipal court with violating ordinance No. 507 of the city of Hope, in that they engaged in the business of peddlers by going from place to place and selling or offering for sale books in said city without first having paid a license fee and obtained a license as required by said ordinance. They were convicted, fined $50 each and appealed to the circuit court, where they were tried *de novo* and again convicted and fined $25 each. Section 1 of said ordinance provides: "Whoever shall engage in the business of selling goods, wares and merchandise of any description other than goods, wares and merchandise produced or manufactured by the seller himself by going from house to house or place to place and selling and/or offering to sell . . . either to consumers or retail dealers, shall be, and is hereby, declared to be a peddler or hawker." Section 2 makes it unlawful to peddle as above defined "on any of the streets, sidewalks, alleys, squares or other public grounds in the city of Hope, Arkansas, without first obtaining a license therefor from the city of Hope, Arkansas, in the manner hereinafter provided." Section 3 provides how the license shall be obtained and § 4 fixes the license fees for peddling various articles and sub-section (c) here involved provides: "For peddling books other than the Bible, $20 per annum." Section 7 fixes the penalty for violation at not less than $25 nor more than $50 for each offense.

In case No. 4294, appellants, Harry C. Good, *et al.*, were charged in the municipal court of the city of Helena with a violation of ordinance No. 2101 of said city in that they engaged in the business of peddling without a license as required by said ordinance. They were convicted and fined $25 each and appealed to the circuit court, where they were tried *de novo* and again convicted and fined $25 and costs. The Helena ordinance is in all essential respects, similar to that of the city of Hope, above mentioned and involved the peddling of religious books and pamphlets.

In case No. 4313, appellant, Jewell Williams, was charged in the mayor's court with a violation of ordinance No. 51 of the city of Sheridan and in all essential

respects the charge and the ordinance are the same as in the other two cases above set out. He was convicted and fined $10, with a like result on a trial *de novo* in the circuit court.

All these cases have been properly appealed to this court.

We have heretofore had occasion to consider exactly similar facts in like cases under like ordinances in two instances. The first was *Cook v. Harrison,* 180 Ark. 546, 21 S. W. 2d 966, where we held that persons going from house to house or from place to place selling and delivering religious books were "peddlers" and "hawkers" within the meaning of § 5, art. 16 of our Constitution and certain sections of our statutes, and that an ordinance requiring book peddlers to obtain and pay for licenses applies to them; and that such an ordinance does not violate the freedom of religious guaranty of the first Amendment of the Federal Constitution. The second was *Cole v. City of Fort Smith,* 202 Ark. 614, 151 S. W. 2d 1000. In that case Cole was convicted for violation of an ordinance regulating the distribution of circulars or handbills, and Lois Bowden and Zada Sanders were convicted of a violation of another ordinance of Fort Smith similar to those here involved. We reversed Cole's case on the authority of *Schneider v. State (Town of Irvington),* 308 U. S. 147, 60 S. Ct. 146, 84 L. Ed. 155, and affirmed the conviction of Lois Bowden and Zada Sanders, following our previous case of *Cook v. Harrison, supra.* The Supreme Court of the United States affirmed the judgments in the Bowden and Sanders cases along with that of *Rosco Jones v. City of Opelika* and *Charles Jobin v. State of Arizona,* 316 U. S. 584, 62 S. Ct. 1231, 86 L. Ed. 1691, 141 A. L. R. 514, at the October term, 1941. Thereafter a petition for rehearing was granted, a change in the personnel of the court having occurred, and the cases reargued, in connection with the cases of *Robert Murdock, et al., v. Commonwealth of Pennsylvania (City of Jeannette),* and the case of *Thelma Martin v. City of Struthers, Ohio,* and on May 3, 1943, these cases were reversed for the reasons stated by Mr. Justice Douglas in *Murdock v. Pennsylvania* and in the dissent-

ing opinions filed when these cases were originally affirmed and, for reasons stated by Mr. Justice BLACK in *Martin* v. *City of Struthers.* Thus, by a change in personnel, the minority in *Jones* v. *Opelika* became the majority on rehearing and in the seven new cases of *Murdock, et al.,* v. *Pennsylvania* and in *Martin* v. *Struthers.* The majority held that ordinances, such as are here involved, and as construed by this and other state courts of last resort, are unconstitutional and void under Amendment No. 1 to the Constitution of the United States.

While we are still of the opinion that our decisions in the Harrison and Fort Smith cases are correct and that the views expressed by Mr. Justice REED, Mr. Justice FRANKFURTER and Mr. Justice JACKSON in their very able dissenting opinions should have been adopted by the court, still the Supreme Court of the United States is the final arbiter of the construction to be given that document which all of us are sworn to support, and we must follow the majority view as expressed in said cases.

In a *per curiam* opinion of June 14, 1943, in the case of *Busey, et al.,* v. *District of Columbia, 63* S. Ct. 1277, the Supreme Court of the United States reversed the Court of Appeals of the District of Columbia in similar cases to those here involved. 129 Fed. 2d 24. This is the last expression of said court in Jehovah's Witnesses cases, in so far as we are able to ascertain.

The ordinances in question being unconstitutional as applied to appellants, their convictions are without authority of law and must be reversed, and the causes dismissed. In the Hope case it is said the constitutional question was not raised in the court below and, therefore, not available here. There was a request for a directed verdict which raises the question, even if it does not raise itself on appeal.

McFADDIN, J., having represented the city of Hope in the trial court was disqualified and did not participate in any of these cases.