PEOPLE *v.* LECHNER.

1. SALES—PAMPHLETS.

The sale of pamphlets is a sale of goods as defined in the uniform sales act (2 Comp. Laws 1929, § 9440).

2. COURTS—STATE SUPREME COURT—PREVAILING OPINIONS OF SUPREME COURT OF THE UNITED STATES.

The Supreme Court of a State is bound to follow the prevailing opinions of cases decided by the Supreme Court of the United States in an interpretation of the provisions of the Constitution of the United States even though the State court is in accord with the dissenting opinions in such cases (U. S. Const. Ams. 1, 14; Mich. Const. 1908, Art. 2, §§ 3, 4).

3. MUNICIPAL CORPORATIONS—ORDINANCES—HAWKERS AND PEDDLERS —SALE OF PAMPHLETS.

Conviction of person, claiming to be a minister of the Gospel, under city ordinance requiring street peddlers to secure a license, because she sold, without having procured a license, pamphlets characterizing one large church by opprobrious epithets and other religious denominations by most offensive terms which were provocative and inflammatory, is set aside and defendant discharged in view of opinions expressed by the Supreme Court of the United States in cases arising upon similar facts and interpreting amendments of the Constitution respecting freedom of religion, speech and press (U. S. Const. Ams. 1, 14; Mich. Const. 1908, Art. 2, §§ 3, 4; 2 Comp. Laws 1929, § 9440; Cadillac Ordinance No. 219 [1905]).

Appeal from Wexford; Lamb (Fred S.), J. Submitted June 17, 1943. (Docket No. 92, Calendar No. 42,338.) Decided November 29, 1943.

Marie Lechner was convicted of violating an ordinance of city of Cadillac relating to licenses for peddlers. Reversed and defendant discharged.

*E. J. Millington,* for plaintiff.

*Irving H. Smith* and *Hayden C. Covington,* for defendant.

BUTZEL, J. Marie Lechner, a member of Jehovah's Witnesses, was convicted of violation of an ordinance enacted in 1905* by the city of Cadillac, Michigan, which required a street peddler to secure a license for a fee of $5 a day or $25 a month. The ordinance provided a penalty for violation. The testimony showed that defendant made sales of pamphlets called "Watch Tower" and "Consolation" for five cents each. This was a sale of goods as defined in the uniform sales act, 2 Comp. Laws 1929, § 9440 (Stat. Ann. § 19.241). Defendant claimed that she was a minister of the Gospel by virtue of a card that had been issued to her by the Watch Tower Bible & Tract Society of Brooklyn, New York, and that the ordinance, if applied to her activities, abridged the freedoms of worship, speech and press vouchsafed to her by the First and Fourteenth Amendments to the Constitution of the United States and article 2, §§ 3 and 4 of the Constitution of the State of Michigan (1908).

Defendant acknowledged that she used the sums she received from the sale of books and pamphlets to defray her living expenses but that any balance was sent to the home society. The city of Cadillac makes no claim that defendant did not have the right to preach and give away books and pamphlets, but it insists that selling on the public streets subjected her to the provisions of the ordinance. Defendant was convicted in the recorder's court of the city of Cadillac and, on appeal, in the circuit court for the county of Wexford. She was fined a small amount

---

* See City of Cadillac Ordinance No. 219 (1905).—REPORTER.

and costs and, in the event of nonpayment, she was to be imprisoned in the county jail for 15 days. She appeals.

Both in the briefs and oral arguments much stress was placed on the recent decisions of the United States Supreme Court handed down May 3, 1943, in which previous decisions of June 8, 1942, rendered in some of the same cases, were overruled. The later cases are *Jones* v. *Opelika, Bowden* v. *Fort Smith, Jobin* v. *Arizona, Murdock* v. *Pennsylvania, Douglas* v. *Jeannette, Martin* v. *Struthers,* 319 U. S. 103–182 (63 Sup. Ct. 862–902, 87 L. Ed. 1290–1339), and are referred to herein as the later "Jehovah Witness Cases." The previous opinions rendered on June 8, 1942, are found in *Jones* v. *Opelika,* 316 U. S. 584 (62 Sup. Ct. 1231, 86 L. Ed. 1691, 141 A. L. R. 514). In the arguments before this court, counsel referred in part to the prevailing and dissenting opinions in the later *Jehovah Witness Cases, supra,* because of similarity with the facts of the instant case.

Defendant quotes Scripture to support her claims. Plaintiff replies in kind. We shall not enter into the theological discussion. Plaintiff shows that pamphlets and books sold by defendant characterize a very large church by an opprobrious epithet and other religious denominations by most offensive terms. The preachments are not only provocative but almost inflammatory and if uttered by word of mouth might lead to serious consequences. There is no claim that the license fee is excessive or that the ordinance is discriminatory. It is unnecessary to discuss the merits of the claims of the respective parties for a Federal question has been raised and we are bound to follow the prevailing opinions of the United States Supreme Court as expressed in the later *Jehovah Witness Cases, supra,* in an interpretation of the provisions of the United States Con-

stitution, even though we may be in accord with the dissenting opinions filed in those cases.

In justice to the learned trial judge, it should be stated that he decided the case correctly at the time of the trial which was prior to May 1, 1943, and that he could not anticipate that the United States Supreme Court would overrule its previous opinions on the constitutional question that was raised. Because of the prevailing opinions in these later cases as well as the more recent case of *Busey* v. *District of Columbia,* 319 U. S. 579 (63 Sup. Ct. 1277, 87 L. Ed. 1598), we are constrained to set aside the judgment of conviction in the instant case and order the discharge of defendant.

BOYLES, C. J., and CHANDLER, NORTH, STARR, WIEST, BUSHNELL, and SHARPE, JJ., concurred.