**OD and Thomas Jefferson Howell III,**
**Plaintiffs,**

v.

**Jerry V. WILSON, Chief, Metropolitan**
**Police Department, Defendant.**

**Civ. A. No. 1077-70.**

United States District Court,
District of Columbia.

Feb. 5, 1971.

John G. Murphy, Jr., Laurence B. Finegold, Georgetown Legal Internship Program, Washington, D. C., for plaintiffs.

Matthew J. Mullaney, Jr., Asst. Corp. Counsel, Washington, D. C., for defendant.

Before McGOWAN and LEVENTHAL, Circuit Judges, and PARKER, District Judge.

## MEMORANDUM OPINION AND ORDER

PER CURIAM.

This is an action for declaratory and injunctive relief, brought by OD, a corporation publishing a magazine entitled *Tasty Comix,* and Thomas Jefferson Howell III, a part-time itinerant street vendor. Plaintiffs charge that a District of Columbia licensing statute, 47 D.C.Code § 2336,[1] unconstitutionally abridges their rights of freedom of the press and the equal protection of the laws. A three-judge court was properly convened under 28 U.S.C. § 2284 to settle this matter. After an extensive hearing, this Court issued a preliminary injunction on behalf of the plaintiffs. At the request of the parties the case is

---

1. Section 2336 provides, in pertinent parts:

No person shall sell any article of merchandise, or anything whatever, excepting newspapers sold at large and not from a fixed location, upon the public streets, or from public space in the District of Columbia, without a license first having been obtained under this section. Persons so licensed shall be considered as venders, whether selling from a fixed location, on foot from house to house, or from a vehicle of any description, and shall pay a license tax of $12 per annum. Every vender so licensed shall be furnished with a badge corresponding to the number of his license, which badge shall be worn conspicuously whenever transacting business, * * *. The commissioners of the District of Columbia are hereby authorized and empowered to make, modify, and enforce necessary regulations governing the conduct upon the public streets and public spaces of venders licensed hereunder, including the power to locate the places where licensed venders on the public streets and public space shall stand, and to change them as often as the public interests require.

presently before the Court for final disposition on the record as it now stands, including the briefs and the testimony and documentary materials presented at the hearing.

*Tasty Comix* is a comic book which is principally devoted to social and political satire. The first edition of this publication consisted of 10,000 copies and appeared as a supplement to the *Washington Free Press,* an underground newspaper, in September, 1969. Distribution was achieved by circulation to retail establishments in bulk quantity for redistribution to part-time street vendors such as plaintiff Howell. The vendors received small quantities of the publication to sell to the public on the city's streets and in public places. In its status as a supplement to the newspaper, *Tasty Comix* came within the newspaper exception of the District's licensing provision.

Problems arose, however, when the *Washington Free Press* met with financial difficulties, and was forced to cease publication. Undaunted, OD printed a second edition of 25,000 copies of *Tasty Comix* in March, 1970. Circulation was to be accomplished in much the same manner as was the first edition, except that *Tasty Comix* would appear as an independent publication rather than as a newspaper supplement. In the hope of avoiding the necessity of licensing the street vendors, OD solicited opinions from the Corporation Counsel's office and the Police Department concerning the status of their publication. The opinions indicated that since *Tasty Comix* was no longer a supplement to a newspaper, it would not be exempt from the licensing provisions of the Code, a point now conceded by OD. These authorities also informed OD that unlicensed *Tasty Comix* street vendors would be arrested and prosecuted by the District of Columbia government.

Section 2336 provides that vendors wishing to sell any articles of merchandise on the public streets or in a public place in the District of Columbia must first obtain a license. The principal exception to this requirement is the sale of newspapers from other than a fixed location. Plaintiffs allege that section 2336 violates the First Amendment because the statute and regulations attendant thereto leave the decision to issue a license to the unregulated discretion of an administrative official, and because the requirement of a license for their sales constitutes an unjustifiable prior restraint.[2] Plaintiffs also urge that the arbitrary exemption of another form of the press, namely newspapers, constitutes a violation of equal protection. We find that plaintiffs should prevail because of the violation of First Amendment rights, and therefore do not reach plaintiffs' contention that their right to equal protection of the laws has been violated.

The record shows that the licensing provision is administered by the License Branch of the License and Permit Division, Bureau of Licenses and Inspection.[3] A prospective vendor is required to fill out an application, furnish three recent photographs and submit to a fingerprinting. The name of the applicant and his fingerprints are sent to the Police Department and to the Federal Bureau of Investigation for verification of identification and a report of any criminal record. Thereafter, an investigation is conducted by the Investigation and Review Branch of the License and Permit Division. Day-to-day decisons as to the granting of applications are made by the License and Permit Division, with final authority resting in the Director of the Department of Economic Development. The denial of a license may be appealed to the Board of Appeals and Review.

2. See footnote 6 *infra.*

3. The Bureau of Licenses and Inspections is within the Department of Economic Development, District of Columbia Government.

No statutory provisions or departmental regulations have been produced which articulate the standards to govern the mode or outcome of this licensing process. At oral argument, the Corporation Counsel conceded that from time to time applications for licenses have been denied, but that no reasons for such denials are given. For example, it is apparent that certain criminal convictions will disqualify an applicant for a license; yet, no standards exist to specify the types of convictions which will result in the denial of a license.

██ It is a settled proposition that administrative control over the exercise of first amendment freedoms must be based on "narrow, objective and definite" criteria. These specific standards preclude officials from acting in an arbitrary and discriminatory fashion. See, e. g., Shuttlesworth v. Birmingham, 394 U.S. 147, 89 S.Ct. 935, 22 L.Ed.2d 162 (1968).[4] In the instant situation, the District of Columbia has vested control over the right to sell publications in public places in an administrative agency which has no appropriate standards to guide its actions. Hence, we hold the

statute as drafted not validly enforceable as to plaintiffs.[5]

We have no occasion to consider whether the statute could be confined to the point of constitutionality through the issuance of appropriate clarifying and implementing regulations. That question is for the appropriate authorities of the District of Columbia Government, at least in the first instance. It is enough for this court to say that the law as it stands today, without the limitation of interpretive regulations or ordinances, cannot be enforced consistently with the First Amendment rights of plaintiffs.[6]

It is, therefore, this 5th day of February, 1971, ordered, that

1. Defendant Wilson, his officers, employees, agents, servants, and all other persons under his direction and control as Chief of the Metropolitan Police Department of the District of Columbia, are hereby enjoined from arresting or otherwise interfering with any vendor of the publication entitled *"Tasty Comix"* for failure to have a vendor's license as required by 47 D.C.Code § 2336 while selling or distributing said publi-

4. For a chronological and complete list of the Supreme Court decisions in which this doctrine has been formulated, see Shuttlesworth v. Birmingham, 394 U.S. 147, 151 n. 2, 89 S.Ct. 935 (1968).

5. An ancillary problem presented by this controversy is the fact that the purpose underlying section 2336 is not completely clear. There is no available legislative history and the absence of precise and objective standards with regard to who is and who is not qualified to be licensed only serves to make this matter less clear. At the hearing, the Corporation Counsel suggested that the purpose of this statute is the regulation of congestion with regard to street traffic. If this is so, the requirements for fingerprinting and the investigation of previous criminal records would appear to bear no rational relationship to this end. However, we do not reach this question since we are invalidating the statute on other grounds.

6. In reaching our result, we have no occasion to pass on the validity of this stat-

ute as applied to vendors of publications selling from house to house, door to door, or on credit. We confine ourselves to the narrow question of the validity of this law insofar as it extends to the regulation of publication sales on public ways. Nor do we consider plaintiffs' contention that vendors should not be subjected to any licensing provision at all. Compare, City of Manchester v. Leiby, 117 F.2d 661 (1st Cir. 1941) with Strasser v. Doorley, 432 F.2d 567 (1st Cir. 1970). In Busey v. District of Columbia, 75 U.S.App.D.C. 352, 129 F.2d 24 (1942), cert. granted, 319 U.S. 735, 63 S.Ct. 1154, 87 L.Ed. 1695 (1943), remanded per curiam, 319 U.S. 579, 63 S.Ct. 1277, 87 L.Ed. 1598 (1943), reversed on other grounds, 78 U.S.App. D.C. 189, 138 F.2d 592 (1943), the court upheld a predecessor of the present section 2336, on the premise that it was ministerial in nature. However, that case is not controlling here since at the hearing the Corporation Counsel conceded that section 2336, as now administered, is nonministerial.

cation on the public streets or in public places at other than fixed locations;[7] and

2. Promptly upon receipt of this Order, defendant Wilson is directed to formulate in writing and to distribute to all District and Precinct Commanders for further dissemination to all officers and employees of the Metropolitan Police Department the fact and nature of this Permanent Injunction.

---

7. Although we have confined the order issued at this time to the protection of *Tasty Comix*, we anticipate that defendants will act conformably with our opinion in their enforcement of the licensing provision generally. If plaintiffs deem it necessary to present a motion for supplemental relief appropriate for a class action, plaintiffs should proceed by filing a motion to certify pursuant to Rule 23 of the Federal Rules of Civil Procedure.