COMMONWEALTH *vs.* ROBERT DUBIN
(and two companion cases[1]).

Suffolk.    May 8, 1951. — September 12, 1951.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & WILLIAMS, JJ.

*Constitutional Law,* Freedom of speech, Public place.  *Sign.  Regulation.*
*Metropolitan District Commission.  Parks.*

A rule of the metropolitan district commission wholly prohibiting the
mere "display" of "any sign . . . or any other advertising device"
in reservations under the control of the commission was uncon-
stitutional on its face as an infringement of the right of free speech
guaranteed by the Fourteenth Amendment to the Federal Constitution.
The application of a rule of the metropolitan district commission for-
bidding the "display" of "any sign . . . or any other advertising
device" in reservations under the control of the commission was not
limited to commercial advertising.

THREE COMPLAINTS, received and sworn to in the Dis-
trict Court of Chelsea on July 24, 1950, for violation of a
rule of the metropolitan district commission.

On appeal to the Superior Court, the cases were heard
without jury by *Hobson*, J., a District Court judge sitting
under statutory authority.   Motions by the defendants to
dismiss the complaints on the ground that the rule was
unconstitutional were denied.   The defendants were found
guilty and alleged exceptions.

*D. Holmes,* (*G. Kantrovitz* with him,) for the defendants.

*J. F. McAuliffe,* Assistant District Attorney, for the
Commonwealth.

QUA, C.J.   These are three complaints for alleged viola-
tion of Rule 3 of the rules governing reservations under
control of the metropolitan district commission (see G. L.
[Ter. Ed.] c. 92, § 37) by displaying certain signs and other
advertising.   The material portion of Rule 3 reads, "No

---

[1] The companion cases are those of Commonwealth *vs.* Arthur Jones and
Commonwealth *vs.* Edward S. Mendelsohn.

person shall . . . post, paint, affix, distribute or display any sign, notice, circular, program, placard or any other advertising device . . .."

There was evidence that on the afternoon of July 23, 1950, the three defendants, with from fifteen to seventeen other persons, assembled on Revere Beach Reservation within the metropolitan park district and occupied an area of about fifty square feet,[1] within which area the group had posted signs attached to sticks embedded in the sand. Four of the signs were on cloth eight feet by fourteen inches and were about five feet above the ground. Six of the signs were on cardboard twenty-four inches by thirty inches. On the signs were printed these words, "We Want Peace"; "Homes and Schools not Atomic Bombs"; "Support the International Red Cross Peace Proposal"; "Outlaw the Atom Bomb"; "We Want to Grow up in a World at Peace"; "Young Progressives of America." There was evidence that there was some inconvenience to the public in moving across the area, but that there was "no unrest or commotion at the scene," although the beach was crowded. There was also evidence of admissions by the defendants that they posted or assisted in posting some of the signs.

The fundamental question in the case is whether so much of Rule 3 as prohibits the display of any sign is unconstitutional on its face as an infringement upon the right of free speech as guaranteed by the Fourteenth Amendment under the rule established by recent decisions of the Supreme Court of the United States and followed in our own decisions. We are of opinion that it is.

The part of Rule 3 here involved attempts a complete and sweeping prohibition of the display of any sign or other advertising device in what is substantially a public park where all persons have a right to go. The rule cannot fairly be construed as limited to commercial advertising. See *Commonwealth* v. *Kimball*, 299 Mass. 353, 356. It is not aptly and narrowly phrased to protect the public from annoyance

---

[1] The area seems small for so many signs of the sizes stated, but we are following the record.

or danger or to protect public property. It does not merely regulate the size or position of signs. It seeks to prohibit altogether in a public place one of the common and normally harmless means of communicating ideas. It therefore falls within the scope of the decisions in *Commonwealth* v. *Pascone*, 308 Mass. 591, and *Commonwealth* v. *Gilfedder*, 321 Mass. 335. See *Commonwealth* v. *Akmakjian*, 316 Mass. 97, 101–102; *Kenyon* v. *Chicopee*, 320 Mass. 528, 531; *Commonwealth* v. *Carpenter*, 325 Mass. 519. These cases contain adequate citations of the decisions of the Supreme Court of the United States upon which they rest. A few of the more recent cases in that court, by which also we are bound, are *Saia* v. *New York*, 334 U. S. 558, *Niemotko* v. *Maryland*, 340 U. S. 268, and *Kunz* v. *New York*, 340 U. S. 290. Compare *Kovacs* v. *Cooper*, 336 U. S. 77. See *Dennis* v. *United States*, 341 U. S. 494.

This decision is confined to the precise issue here discussed. It is not necessary to consider what position we should take if, for example, instead of simply displaying signs, the defendants had painted a sign upon some permanent structure or had violated any other of the several prohibitions which are joined in Rule 3. The distinction between an unconstitutional prohibition of free speech and a reasonable regulation of the exercise of that right may at times be difficult to draw, but the distinction must be scrupulously maintained.

In each case the entry will be

*Exceptions sustained.*
*Judgment for the defendant.*