COMMONWEALTH *vs.* CYRUS L. JACOBS.

Norfolk.    October 5, 1955. — November 7, 1955.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & COUNIHAN, JJ.

*Constitutional Law*, Freedom of speech, Public place. *Municipal Corporations*, By-laws and ordinances. *Quincy. Way*, Public: public address.

An ordinance of the city of Quincy providing that "no person shall publicly address the people on or passing over any public street or grounds in the city, unless a permit . . . therefor shall first be obtained from the board of license commissioners of the city" was unconstitutional and void on its face as an infringement of the right of freedom of speech.

COMPLAINT, received and sworn to in the District Court of East Norfolk on March 30, 1955.

Upon appeal to the Superior Court, the case was heard by *Hudson*, J., without jury.

*Lester S. Cramer*, for the defendant.

*Charles J. Kickham, Jr.*, Assistant District Attorney, for the Commonwealth.

QUA, C.J.    The defendant has been convicted of violating an ordinance of the city of Quincy in that on March 25,

1955, "he did publicly address the people on and passing over a certain public street" without having first obtained a permit in writing from the license commissioners. Under hire by a labor union he operated a so called sound truck which played a record urging listeners not to buy products of a concern against which the union was maintaining a strike. The operator could control the volume of amplification by means of a switch.

The ordinance read as follows: "Sec. 22. Meetings and Speaking in Public Streets and Grounds — Permit

No open-air public meeting shall be held.in any public street or public grounds of the city, or upon any ground abutting upon any street or public way in the city, and no person shall publicly address the people on or passing over any public street or grounds in the city, unless a permit in writing therefor shall first be obtained from the board of license commissioners of the city."

We are of opinion that the ordinance is unconstitutional on its face. It is a complete and indiscriminate prohibition of all public address on all public streets or grounds without a previous permit. In drafting the ordinance no attempt was made to separate out those features of public addresses that might disturb the safety, peace, or comfort of the public, such as inciting to violence, blocking of streets or ways, damage to public property, making of loud and unreasonable noise, or other unfortunate incidents affecting either public or private rights that may or may not accompany public addresses in public places. All public address without previous censorship is placed under the ban regardless of its character, attributes, or consequences. The case falls within a series of decisions in recent years both by this court and by the Supreme Court of the United States. *Commonwealth* v. *Pascone*, 308 Mass. 591, 593–594. *Kenyon* v. *Chicopee*, 320 Mass. 528, 531. *Commonwealth* v. *Gilfedder*, 321 Mass. 335. *Commonwealth* v. *Dubin*, 327 Mass. 681. *Brattle Films, Inc.* v. *Commissioner of Public Safety, ante,* 58. *Hague* v. *Committee for Industrial Organization,* 307 U. S. 496. *Schneider* v. *State,* 308 U. S. 147.

*Jamison* v. *Texas*, 318 U. S. 413. *Niemotko* v. *Maryland*, 340 U. S. 268. *Kunz* v. *New York*, 340 U. S. 290. But compare *Poulos* v. *New Hampshire*, 345 U. S. 395. No attempt is here made to cite all the cases.

This decision rests upon the proposition that the ordinance is void on its face for the reasons hereinbefore stated. The case does not turn upon the particular application of the ordinance in this instance to the public use of a sound truck or amplifying device. The Supreme Court of the United States by a closely divided court has held invalid an ordinance forbidding specifically the public use of such contrivances without permission from the chief of police. *Saia* v. *New York*, 334 U. S. 558. But in *Kovacs* v. *Cooper*, 336 U. S. 77, an ordinance forbidding the use of similar contrivances emitting "loud and raucous noises" was held valid — again by a divided court. Of course we acknowledge the binding force of these decisions while they remain the law. But we prefer not to be irrevocably committed to them as representing the true construction of our own Constitution. If left to our own choice we might perhaps prefer to say that the amount of noise emitted by these devices is so difficult of measurement and control by public authority, and they are so likely to become public nuisances that their use in public places may be wholly forbidden without qualification as to the degree of noise in any particular instance.

*Exceptions sustained.*
*Judgment reversed.*
*Judgment for the defendant.*